COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia


KENNETH ALLEN GREEN, JR.
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2209-94-2      JUDGE LARRY G. ELDER
                                       JANUARY 23, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge


             Anthony G. Spencer (Morchower, Luxton & Whaley,
             on briefs), for appellant.

             Marla Graff Decker, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on
             brief), for appellee.


        Kenneth Allen Green, Jr. (appellant) appeals his conviction

for reckless driving in violation of Code § 46.2-852.  Appellant

contends that he was entitled to a trial by jury, and the trial

court erred in ruling he waived this right.  Because the trial

court did not ensure appellant knowingly, voluntarily, and

intelligently waived his right to a trial by jury, we reverse his

conviction.

        On July 18, 1994, the General District Court of Chesterfield

County convicted appellant of reckless driving.  Appellant

appealed his conviction to the circuit court.  On October 5,

1994, appellant appeared in circuit court without an attorney and

requested his case be continued so that his counsel could be

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

present. The circuit court continued the case for two days, until October 7, 1994. On October 6, 1994, appellant, by counsel, filed a motion requesting another continuance and a trial by jury. On October 7, 1994, the circuit court denied appellant's motion for a continuance and found, "the defendant waived his right to a trial by jury on October 5, 1994, <u>as he failed to request that his case be heard by a jury</u>." (Emphasis added.) The circuit court then heard evidence and found appellant guilty of reckless driving and imposed a $150 fine. On appeal, appellant contends, and the Commonwealth concedes, that he had a right to a trial by jury. <u>See</u> Code §§ 46.2-868 and 18.2-11; <u>McCormick v. City of Virginia Beach</u>, 5 Va. App. 369, 372, 363 S.E.2d 124, 125 (1987). Well-settled principles guide our analysis of whether the trial court erred in ruling that appellant waived this right. While "[a]n accused may waive his right to a jury in the trial court," federal and state constitutional law dictate that "before waiver of a trial by jury can be effective, the accused must give his express and intelligent consent." <u>Id.</u> (citing <u>Patton v. United States</u>, 281 U.S. 276, 312 (1930), <u>rev'd on other grounds</u>; <u>Williams v. Florida</u>, 399 U.S. 78 (1970)). Rule 3A:13(b) sets forth the required procedure to validate a defendant's consent and to effect a jury waiver in a trial court:

> If an accused who has pleaded not guilty in a circuit court consents to a trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury. <u>The court shall</u>

> determine before trial that the accused's consent was voluntarily and intelligently given, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record.

(Emphasis added.) In this case, the trial court's order specifically states, "the defendant waived his right to a trial by jury on October 5, 1994, as he failed to request that his case be heard by a jury."

We reject the Commonwealth's assertion that the record does not provide this Court with the facts necessary to determine whether appellant did or did not waive his right to a jury trial. Although the record contains no transcript or statement of facts, the trial court, in its order, clearly stated the reason for its holding that appellant waived his right to a jury trial. A court speaks through its written orders. Guba v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 764, 767 (1989). Any court subsequently required to review an order of another court must presume that it is the final pronouncement on the subject addressed therein. See Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986). Here, the trial court's order revealed that it erroneously failed to inquire whether appellant voluntarily and intelligently consented to waive his right to a trial by jury. Furthermore, appellant specifically requested a trial by jury on October 6, 1994 and the record does not show that appellant thereafter waived this right. See Rule 3A:13(b).

Accordingly, we reverse the conviction and remand for

further proceedings if the Commonwealth be so advised.

Reversed and remanded.