## Richmond

HAMPTON CATLETT v. COMMONWEALTH OF VIRGINIA.

November 26, 1956.

Record No. 4605.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*R. D. McIlwaine, III, Assistant Attorney General (J. Lindsay Almond, Jr., Attorney General,* on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

[█ This case is before us upon a writ of error granted Hampton Catlett, who challenges a final order entered on October 21, 1955,

correcting *nunc pro tunc* an order which had been entered on June 18, 1953, in a prosecution against him under an indictment for rape.

On May 11, 1953 Catlett was indicted for rape by the Grand Jury of Fairfax County. He was arraigned and entered a plea of not guilty; whereupon the case was set for trial on June 18, 1953. On June 17, 1953 Catlett filed a signed waiver of trial by jury and requested to be tried by the court, which waiver and request were reaffirmed by him in person on the day of trial. The court heard the case on June 18, 1953 and entered an order finding Catlett guilty as charged, fixing his punishment at thirty years in the penitentiary.

On October 15, 1955 the Commonwealth's Attorney served notice upon Catlett and his attorneys that on October 21, 1955 he would move the court to enter an order *nunc pro tunc* supplying an omission in the court's order of June 18, 1953, correcting such order to show "the concurrence of the Commonwealth's Attorney and of the Court" in Catlett's waiver of trial by jury.

At this hearing the attorneys who represented Catlett at the trial for rape testified that they advised their client to waive trial by jury; that Catlett adopted the suggestion and so agreed in writing, which writing was signed by him at the suggestion of the Commonwealth's Attorney and filed in the court records; that the Commonwealth's Attorney in open court expressly concurred in appellant's waiver, and the court also concurred therein. The Commonwealth's Attorney who prosecuted the case testified to the same effect.

Catlett objected to the admission of the foregoing testimony on the ground that it was not competent for the court to correct its order of June 18, 1953, *nunc pro tunc*, except upon "record evidence" from which the correction could be safely made. This objection was initially overruled by the court; however, at the conclusion of the proceedings the court sustained Catlett's motion to strike the testimony as inadmissible.

The trial court was of the opinion that the order of June 18, 1953 was sufficient to show that he heard the case "with the concurrence of the Commonwealth's Attorney and of the court", and that this was "manifest from the entire record in the proceedings".

The order entered on June 18, 1953 stated, *inter alia:*

"Thereupon, said Hampton Catlett, in person, waived his right to a trial by jury and requested the court to hear all matters of law and facts in the case, and thereupon, the court proceeded to hear all of the

evidence in the case, both on behalf of the Commonwealth and on behalf of the defendant, * * *."

The *nunc pro tunc* order complained of, entered on October 21, 1955, stated in part:

"And it further being the opinion of the Court that such omission in the order of June 18, 1953 indicating the concurrence of the Commonwealth's Attorney and the Court in the waiver of trial by jury was omitted through inadvertence by the Court.

"It is adjudged and ordered that the said order of June 18, 1953 be amended to read as follows: * * *

" 'Thereupon said Hampton Catlett, in person, waived his right to a trial by jury and requested the court to hear all matters of law and facts in the case, *with the concurrence of the Commonwealth's Attorney and of the Court;* the Court thereupon proceeded to hear all of the evidence in the case, both on behalf of the Commonwealth and on behalf of the defendant, * * *.' " (Italics supplied)

The question presented is: Was the concurrence of the Commonwealth's Attorney and of the Court in the waiver by the accused of a trial by jury "entered of record" in the order of June 18, 1953 as required by Section 8 of the Constitution of Virginia?

The pertinent portion of Section 8 of the Constitution provides:

"In criminal cases, the accused may plead guilty; and, if the accused plead not guilty, with his consent and the concurrence of the Commonwealth's Attorney and of the Court *entered of record,* he may be tried by a smaller number of jurors, or waive a jury. In case of such waiver, or plea of guilty, the Court shall try the case." (Italics supplied)

Under our holding in *Barnes* v. *Commonwealth,* 92 Va. 794, 800, 801, 23 S. E. 784, 785, it can be safely said that the concurrence of the court was "entered of record" as required by Section 8 of the Constitution. The order of June 18, 1953 stated: "* * * Thereupon, [that is, upon the defendant's waiver and request that the court hear the case] the court proceeded to hear all of the evidence * * *." Undoubtedly the court would not have so proceeded unless it had concurred in the defendant's waiver and request. Hence the necessary inference to be drawn from the order is that the court concurred in the defendant's waiver and request that it hear the case. *Gilligan* v. *Commonwealth,* 99 Va. 816, 822, 37 S. E. 962, 963, 964; *Teasley* v. *Commonwealth,* 188 Va. 376, 380, 381, 49 S. E. 2d 604, 605, 606.

■ However, we cannot draw by necessary inference from the order of June 18, 1953 that the Commonwealth's Attorney concurred in the waiver and request of the defendant, or that such concurrence, if had, was "entered of record" as required by the Constitution.

It may be conceded that the Commonwealth's Attorney concurred in the waiver. But that does not satisfy the mandate of the Constitution. It requires that such concurrence be "entered of record". Since the order of June 18, 1953 failed to record such concurrence, proofs *aliunde* could not cure the defect.

In *Council* v. *Commonwealth*, 198 Va. 288, 94 S. E. 2d 245, we held that proofs *aliunde* were admissible to show that the panel which tried the accused was actually composed of twelve jurors and not of eleven as stated in the order. In the present case there is no issue of fact as to whether the Commonwealth's Attorney actually concurred in the waiver. The only question here is whether such concurrence was "entered of record", and no proper inference can be drawn from a reading of the order to show that the concurrence of the Commonwealth's Attorney, even if had, was "entered of record".

In this instance the failure of the order to record the concurrence of the Commonwealth's Attorney as required by the Constitution is fatal.

For the reasons stated the *nunc pro tunc* order entered on October 21, 1955 is annulled.

*Reversed.*