# Staunton

LEWIS E. CAVE v. W. K. CUNNINGHAM, JR., SUPERINTENDENT OF
THE VIRGINIA STATE PENITENTIARY.

August 31, 1962.

Record No. 5483.

Present, All the Justices.

*George G. Grattan, IV* (*Christian, Barton, Parker, Epps & Brent,*
on brief), for the petitioner.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button,
Attorney General,* on brief), for the respondent.

WHITTLE, J., delivered the opinion of the court.

This proceeding involves a petition for a writ of *habeas corpus ad
subjiciendum* filed in this court by the petitioner, Lewis E. Cave, pur-
suant to the court's original jurisdiction in cases of *habeas corpus*. Sec-
tion 88 of the Constitution of Virginia; § 17-97, Code of Virginia,
1950; Rule 1:4, Rules of Court; Burks Pleading and Practice (4th
Ed., 1952) § 417, pp. 807-8.

On November 28, 1961, we entered a rule to show cause why the
prayer of the petition should not be granted; whereupon the respond-

ent Cunningham filed his answer to the rule, and petitioner filed a reply thereto. After having considered the petition, the answer, and the reply, an order was entered on March 7, 1962, docketing the case, requiring briefs to be filed therein, and appointing George G. Grattan, IV, as counsel to represent the petitioner in this proceeding.

The record discloses that on July 23, 1959, Cave was convicted of murder in the first degree in the Circuit Court of Madison County after a trial before the court without a jury. On September 8, 1959, the court entered final judgment sentencing him to life imprisonment.

The sole question involved is: "Did the Circuit Court of Madison County have jurisdiction and power to try, convict, and sentence petitioner" in accordance with its final order?

The order dated July 23, 1959, states that the accused waived a jury trial but the order fails to state that the Commonwealth's attorney concurred in such waiver as required by Section 8 of the Constitution of Virginia which provides in part:

"(I)f the accused plead not guilty, with his consent and the concurrence of the Commonwealth's attorney and of the court *entered of record*, he may be tried by a smaller number of jurors, or waive a jury." (Italics supplied)

It is disclosed that the only reference to the waiver of a jury in the record in this case appears in the court's order dated July 23, 1959, the second paragraph of which reads: "The court proceeded to hear and determine the case without the intervention of a jury *as provided by law*." (Italics supplied)

Cave contends that this case is controlled by our decision in *Catlett v. Commonwealth* (1956), 198 Va. 505, 95 S. E. 2d 177; whereas respondent Cunningham contends that the words in the order, "as provided by law" differentiate this case from the *Catlett* case, arguing that the phrase "as provided by law" is sufficient to show that the concurrence of the Commonwealth's attorney was "entered of record." With this we do not agree. It is obvious that the cure-all phrase "as provided by law" cannot supply the jurisdictional requirement of Section 8 of the Constitution that the concurrence of the Commonwealth's attorney be entered of record. No inference can be gathered from the phrase that the Commonwealth's attorney concurred in the submission of the case to the court.

We are therefore of the opinion that the court was without jurisdiction to try the case, and that the order of conviction entered on July 23, 1959 is void because of the failure of the record to show

that the Commonwealth's attorney concurred in the waiver of trial by jury. *Catlett* v. *Commonwealth, supra.*

It follows that the sentence imposed upon the petitioner by the Circuit Court of Madison County is void, but petitioner is not entitled to release until that court has disposed of the pending indictment against him.

Respondent Cunningham is directed to transfer the custody of petitioner Cave to the Circuit Court of Madison County for such further proceedings as the attorney for the Commonwealth may deem advisable, and if petitioner is tried and convicted on the indictment pending against him then he should receive proper credit for the time served under the indictment and credit for good conduct if, under pertinent rules and regulations of State authorities, he is entitled to such credit. *Stonebreaker* v. *Smyth*, 187 Va. 250, 264, 46 S. E. 2d 406, 413.

It is so ordered.