COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


CHRISTOPHER TORIAN
                                    MEMORANDUM OPINION[*]
v.         Record No. 2412-94-2      BY JUDGE JOSEPH E. BAKER
                                      JULY 30, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                Charles L. McCormick, III, Judge

        Charles A. Butler, Jr. (Vaughan & Slayton; on
        briefs), for appellant.

        Richard H. Rizk, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Christopher Torian (appellant) appeals from a judgment of

the Circuit Court of Halifax County (trial court) that approved

his jury convictions of second degree murder in violation of Code

§ 18.2-32 and use of a firearm in the commission of a felony in

violation of Code § 18.2-53.1.  Finding no error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987).  Viewed accordingly, the

record discloses that between November 28-29, 1993, appellant was

arrested for murder and the use of a firearm in the commission of

a felony.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On November 30, 1993, Buddy A. Ward (Ward), of the public defender's office, was appointed to represent appellant.

Appellant's preliminary hearing was held on February 15, 1994. Probable cause was found, and the case was certified to a grand jury. In March 1994, indictments were returned against appellant and the case was scheduled for a jury trial on June 30, 1994.

On June 19, 1994, Ward requested leave to withdraw from representation of appellant due to a conflict of interest. The trial court granted Ward's motion on June 23, 1994 and appointed David F. Guthrie, Jr. (Guthrie) to represent appellant.

On or about June 27, 1994, the trial court continued appellant's case until the September term, with the trial date to be rescheduled on August 22, 1994. No motion or order concerning the continuance was included in the record.

On August 22, 1994, appellant and the Commonwealth agreed to a trial date of October 14, 1994.

On August 24, 1994, Guthrie moved to withdraw from representation of appellant for health reasons. The trial court granted the motion and appointed Charles A. Butler, Jr. (Butler) and Brandon Hudson (Hudson) to represent appellant.

On October 11, 1994, the trial court ordered Hudson to withdraw from representation of appellant due to a conflict of interest. Butler continued representation, and appellant filed a motion to dismiss for lack of a speedy trial as defined by Code

§ 19.2-243.

The trial court heard the motion to dismiss on October 13, 1994. Over appellant's objection, appellant's former counsel, Guthrie, was permitted to testify at the hearing. Guthrie testified that appellant's original trial, scheduled for June 30, 1994, was continued until the September term because he met with the trial court, ex parte, and moved for a continuance on the ground that he was not adequately prepared. Guthrie opined that it was in appellant's best interest to have the case continued and that trying the case on June 30 would have prejudiced appellant. The trial court denied appellant's motion. Thereafter, on October 14, 1994, appellant was tried and convicted.

In May 1995, appellant's petition for appeal to this Court was granted with respect to the speedy trial issue.

In July 1995, the Commonwealth filed a motion with this Court praying for leave to allow the trial court to correct an error in the record by entry of a nunc pro tunc order.

On September 19, 1995, this Court granted leave and remanded the matter to the trial court to determine whether a nunc pro tunc order, pursuant to Code § 8.01-428, was "appropriate under the law" and, if so, to enter such an order. Additionally, this Court ordered appellant and the Commonwealth to address the issue of whether the entry of a nunc pro tunc order was proper and whether this Court could consider such an order when considering

the speedy trial issue.

On September 25, 1995, the trial court, after a hearing on the issue, entered a nunc pro tunc order. The order recited, in part, as follows:

> [that] the defendant requested a continuance on June 27, 1994 of his trial scheduled for June 30, 1994, and the court ordered a continuance pursuant to the defendant's request to a date to be set at the August 22, 1994 docket call for the September term.

On appeal, appellant challenges (1) the validity of the nunc pro tunc order entered by the trial court, (2) this Court's ability to consider the nunc pro tunc order, and (3) the trial court's determination that his statutory right to a speedy trial was not denied.

### Nunc Pro Tunc Order

A "court has the inherent power, based upon any competent evidence, to amend the record at any time . . . so as to cause its acts and proceedings to be set forth correctly." Netzer v. Reynolds, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986). See also Council v. Commonwealth, 198 Va. 288, 94 S.E.2d 245 (1956). In Council, the Court noted that "the purpose of a nunc pro tunc entry is to correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the record show what actually took place." Council, 198 Va. at 293, 94 S.E.2d at 248. Clearly, under Council and Netzer, the trial court has the power to amend the record. It is clear that the trial court's entry of the nunc pro tunc order served

only to "cause its acts and proceedings to be set forth correctly" in the record.  See also Code § 8.01-428(B), which grants a court the authority to correct errors in the record that arise from oversight or "inadvertent omission."  It is clear that, as the trial court found, the failure to memorialize the continuance in the record was an inadvertent omission.

Appellant's assertion that proof aliunde cannot be the basis for an order nunc pro tunc when a constitutional or substantive right is at issue is without merit.  Catlett v. Commonwealth, 198 Va. 505, 95 S.E.2d 177 (1956), on which appellant relies, stands only for the proposition that proof aliunde cannot be used to cure the Commonwealth's failure to comply with Article 1, Section 8 of the Virginia Constitution, which requires that a defendant's waiver of trial by jury and the concurrence of the Commonwealth and the court thereto be "entered of record."

Having determined that the trial court's entry of the nunc pro tunc order was appropriate, we turn to the issue of whether we may consider such order when resolving appellant's speedy trial claim.  Relevant to that determination, Code § 8.01-428(B) provides, in pertinent part, that "during the pendency of an appeal, . . . mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court."

Because appellant's appeal was pending and had already been

docketed, the Commonwealth sought, and this Court granted, leave to have the trial court enter a nunc pro tunc order if it determined that doing so would be appropriate. In seeking leave from this Court, the Commonwealth fully complied with the procedural requirement of Code § 8.01-428(B). Therefore, finding that all procedural aspects of Code § 8.01-428(B) were complied with and having determined that the entry of the nunc pro tunc order was appropriate under the law, we find nothing which prohibits us from considering such order in determining whether appellant's statutory right to a speedy trial was violated.

Speedy Trial

In Stinnie v. Commonwealth ___ Va. App. ___, ___ S.E.2d ___ (1996), in an en banc hearing, this Court considered the same issue and similar facts to those appellant presents here. In Stinnie, the Court rejected appellant's speedy trial argument, and we are bound by that decision. For the reasons stated in Stinnie, we affirm the trial court's conclusion that, pursuant to the provisions of Code § 19.2-243, appellant was timely tried.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.