COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


DARRYL LEON HUNTER
                                          OPINION BY
v.        Record No. 1154-95-1    JUDGE JERE M. H. WILLIS, JR.
                                       OCTOBER 15, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

         Richard C. Kerns, for appellant.

         John H. McLees, Jr., Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     On appeal from his convictions of murder, malicious maiming,

and the use of a firearm in the commission of those felonies,

Darryl Leon Hunter contends that the trial court erred by

conducting a view of the crime scene in his absence, without

advising him of his right to be present and without securing a

waiver of his right to be present.  Because the record discloses

that Hunter waived his right to be present at the viewing, we

affirm the judgment of the trial court.

     An accused on trial for a felony has the right to be present

in person during the trial.  Code § 19.2-259.  The phrase "during

the trial" means "'every stage of the trial from [the accused's]

arraignment to his sentence, when anything is to be done which

can affect his interest.'"  Jones v. Commonwealth, 227 Va. 425,

428, 317 S.E.2d 482, 483 (1984) (citation omitted).  This

definition encompasses a view of the crime scene, but the right

may be waived.  Id. at 430, 317 S.E.2d at 485.  However, the waiver must be given knowingly and intelligently and with sufficient awareness of its likely consequences.  Hunter v. Commonwealth, 13 Va. App. 187, 192, 409 S.E.2d 483, 486 (1991).

Charged with one count of murder, three counts of malicious maiming, and four counts of using a firearm in the commission of the predicate felonies, Hunter waived trial by jury and submitted to a bench trial, which began March 30, 1995.  At the conclusion of the evidence, but before argument, the following dialogue took place:

| | |
|---|---|
| Defense Counsel: | I would think the Court would want to go to the scene if the Court wishes to go to the scene, Your Honor.  I think it would be important. |
| The Court: | All right, gentlemen. Approach the Bench. |
| Commonwealth's Attorney: | I'd submit the matter of the view of the scene, Judge. |

(Counsel approached the Bench.)

| | |
|---|---|
| The Court: | The case is continued to Tuesday morning, 9:30. |

The court reporter did not report the bench conference.  No statement of facts reporting the substance of that conference has been submitted.  The orders memorializing the proceedings of March 30, 1995 provided, in pertinent part:

And the evidence of the defendant being concluded, the rebuttal evidence of the Commonwealth being heard, the Court continues this matter until April 4, 1995 at 9:30 a.m. to allow the Court to view the crime scene.

- 2 -

The trial reconvened April 4, 1995 at 9:30 a.m.  The trial judge stated:

> I have been to the scene.  The Court is prepared to hear your brief closing arguments.

Hunter advanced no objection to the trial court's visit to the crime scene or to any circumstance related to that visit. Counsel proceeded with argument on the merits of the case, following which the trial court found Hunter guilty.  The final order of sentence was entered May 22, 1995.

On May 25, 1995, Hunter gave notice of his appeal to this Court.  On September 14, 1995, on motion of the Commonwealth's Attorney and upon notice to Hunter's counsel, the trial court entered an order nunc pro tunc March 30, 1995, enlarging upon its previous March 30, 1995 orders and providing, in pertinent part, as follows:

> And the evidence of the defendant being concluded, the rebuttal evidence of the Commonwealth being heard, the Court advised the defendant that the Court would view the crime scene and after discussion with counsel regarding the issue, the defendant did waive his right to be present at said viewing as did counsel for the defendant and the attorneys for the Commonwealth.

> Code § 8.01-428(B) provides:
> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.  During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Because these appeals had been docketed when the September 14, 1995 orders were entered, the Commonwealth has moved for leave of this Court to incorporate those orders into the record. Hunter has objected and has moved to quash the September 14, 1995 orders, contending that because his alleged waiver of the right to be present at the trial court's view of the crime scene was not memorialized contemporaneously in the March 30, 1995 trial orders, any such waiver was not effectively received by the trial court and that such a waiver cannot be received and memorialized through the agency of an order nunc pro tunc.

Code § 8.01-428(B) covers more than errors committed by court clerks. It authorizes a court to correct its own errors and omissions. Nelson v. Commonwealth, 12 Va. App. 835, 837, 407 S.E.2d 326, 327-28 (1991). "An order entered nunc pro tunc cannot create a fiction that an act not yet performed has already occurred. Rather, the power of the trial court to amend by nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record." Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) (citation omitted).

Hunter relies on Catlett v. Commonwealth, 198 Va. 505, 95 S.E.2d 177 (1956). In Catlett, the trial court, in accepting a waiver of trial by jury, failed to enter of record the concurrence of the Commonwealth's Attorney. Later, depending

upon the order that contained the omission as evidence of the fact, the trial court entered an order nunc pro tunc reciting the entry of record of the Commonwealth's Attorney's concurrence. Holding that the earlier order was an insufficient factual predicate for the entry of the order nunc pro tunc, the Supreme Court said:

> In the present case there is no issue of fact as to whether the Commonwealth's Attorney actually concurred in the waiver. The only question here is whether such concurrence was "entered of record", and no proper inference can be drawn from a reading of the order to show that the concurrence of the Commonwealth's Attorney, even if had, was "entered of record".

Id. at 508, 95 S.E.2d at 179.

The trial court in this case did not rely upon a silent record as the predicate for the modifying assertions in the nunc pro tunc orders. Rather, those assertions are the trial court's certification of matters that transpired before it. The modifying assertion does not reflect something that occurred after the fact, but rather, recites events that occurred at the time the order is made operative, matters that could and should have been included in the contemporaneous order of proceedings, but were omitted inadvertently.

We hold that the trial court did not err in entering the orders of September 14, 1995. The Commonwealth's motion that those orders be incorporated into the records in this case is granted, and the Clerk will enter an order accordingly.

The record, as modified, discloses plainly that Hunter moved

the trial court to view the crime scene and that upon consultation with his attorney, he knowingly and voluntarily waived his right to be present at that view.  The orders of September 14, 1995 bespeak verities.  Nothing in the record challenges their assertions.  The court reporter did not report the bench conference.  No statement of facts relating to that conference has been submitted.

The judgment of the trial court is affirmed.

<u>Affirmed</u>.