COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Beales and Russell
Argued by teleconference

PUBLISHED

SHELTON LEGRAND RIDDICK

OPINION BY
v.      Record No. 1059-19-1                   JUDGE WESLEY G. RUSSELL, JR.
                                               JUNE 2, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

Kathleen A. Ortiz, Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Shelton Legrand Riddick was convicted in the Chesapeake General District Court of

multiple driving offenses.  He appealed those convictions to the Chesapeake Circuit Court, seeking

a trial *de novo*.  The circuit court, in a subsequent bench trial, convicted Riddick of the following

offenses:  driving under the influence of alcohol, driving with a suspended operator's license

third offense, reckless driving (twenty miles per hour over the posted speed limit), refusal to

submit to a breath test, and having an open container of alcohol in his vehicle.  Although he

raised no such objection in the circuit court, Riddick argues on appeal to this Court that his

convictions are void because the circuit court "lacked subject matter jurisdiction" when it tried

him without a jury.  Because we conclude that it possessed subject matter jurisdiction, we affirm

the judgment of the circuit court.

BACKGROUND[1]

Having been convicted of multiple offenses in the general district court, Riddick noted an appeal to the circuit court, seeking a trial *de novo* on the charges. After Riddick's appeal had been docketed in the circuit court, the matter was set to be tried in the circuit court on February 15, 2019.

On January 31, 2019, the circuit court entered an order continuing the trial from February 15, 2019, to April 16, 2019, because Riddick's trial counsel was "not available" for a trial on February 15, 2019.[2] The order indicates that Riddick's attorney moved for the "matter [to] be heard by the [c]ourt[.]" The order further provides that the "[d]efendant fully understands and agrees that if these cases are set for trial without a jury and the [d]efendant does not request a jury at least 30 days prior to the trial date set above, then the defendant waives his/her right to trial by jury." Riddick's counsel endorsed the order, indicating "I ask for this[.]"

Subsequently, the Commonwealth requested a continuance of the April 16, 2019 trial date because of a scheduling problem with a witness. On February 11, 2019, the circuit court granted the motion and entered an agreed order continuing the trial to June 20, 2019. As with the prior order, the February 11, 2019 order indicates that the matter, when tried, "will be heard by the [c]ourt[.]" The order also again provides that the "[d]efendant fully understands and agrees that if these cases are set for trial without a jury and the [d]efendant does not request a jury at least 30 days prior to the

---

[1] On appeal, Riddick challenges the power of the circuit court to have tried him on the charges; he does not argue that the evidence adduced in the circuit court failed to establish that he in fact had committed the offenses. Accordingly, we recite the procedural history that is relevant to Riddick's appeal and do not delineate the evidence by which the Commonwealth proved that he had committed the offenses.

[2] At the material times in the circuit court, Riddick was represented by retained counsel. In a June 24, 2019 order, the circuit court appointed the Public Defender to represent Riddick on appeal to this Court.

trial date set above, then the defendant waives his/her right to trial by jury." Riddick's counsel endorsed the order, indicating that it was "seen and agreed[.]"

As scheduled, the circuit court held a bench trial on the charges on June 20, 2019. The circuit court found Riddick guilty of all charges and imposed sentence on July 16, 2019. At no point while the matter was pending in the circuit court did Riddick or his counsel object to the matter being tried without a jury or otherwise indicate that Riddick wanted a jury trial.

Riddick now appeals. Riddick asserts that the circuit "court erred by trying" him "when it lacked subject matter jurisdiction." He reasons that the circuit court lacked subject matter jurisdiction to try him because the record does not reflect that he "entered a knowing and intelligent waiver of trial by jury" as required by Article I, § 8 of the Virginia Constitution and Code § 19.2-258. Acknowledging that he did not raise this argument in the circuit court, Riddick argues that the matter is properly before us because a lack of subject matter jurisdiction may be raised at any time. In response, the Commonwealth argues that the circuit court possessed subject matter jurisdiction, any argument that Riddick may have had is procedurally defaulted, and, in any event, the record establishes that Riddick consented to a bench trial.

ANALYSIS

I. Standard of review

Riddick's jurisdictional challenge raises a question of law that "we review *de novo*." Richardson v. Commonwealth, 67 Va. App. 436, 442 (2017). The basis for Riddick's jurisdictional challenge and whether it is properly before us turn on interpretations of the Virginia Constitution, Code § 19.2-258, and the Rules of the Virginia Supreme Court. As such, these underlying issues also represent questions of law subject to *de novo* review. Minor v. Commonwealth, 66 Va. App. 728, 738 (2016).

## II. Jury trial right

Article I, § 8 of the Virginia Constitution provides, in part, that a criminal defendant "enjoys the right to a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty" and that

> [i]n criminal cases . . . [i]f the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury. In case of such waiver . . . , the court shall try the case.[3]

To ensure implementation of the constitutional guarantee, the Supreme Court has adopted Rule 3A:13(b), which provides that, before a circuit court can try an accused without a jury, it must "determine . . . that the accused's consent was voluntarily and intelligently given, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record."

The accused's right to insist on a jury trial extends to cases involving misdemeanor convictions that are appealed to circuit court. Code § 16.1-136 provides that, in such cases, "the accused shall be entitled to trial by a jury in the same manner as if he had been indicted for the offense in the circuit court." See also Code § 19.2-258 (providing that "[i]f the accused plead not guilty . . . the court, in its discretion, *with the concurrence of the accused* and the attorney for the Commonwealth, may hear and determine the case without the intervention of a jury" (emphasis added)).

Taken together, these provisions establish that a trial by jury was the "default" method for adjudicating the charges against Riddick in circuit court. Richardson, 67 Va. App. at 442.

---

[3] Virginia has recognized the right of a criminal defendant to a jury trial since before the founding of the United States. The current jury trial provisions found in Article I, § 8 of the Virginia Constitution can be traced to Section 8 of the Virginia Declaration of Rights, which was adopted on June 12, 1776. Section 8 provided, in part, "[t]hat in all . . . criminal prosecutions a man has a right . . . to a speedy trial by an impartial jury of twelve men of his vicinage, without whose unanimous consent he cannot be found guilty."

The circuit court could deviate from this default method and conduct a bench trial only if Riddick knowingly and intelligently "consented either to a waiver of his jury trial rights or to a bench trial," id. at 447, and such consent, along with the concurrence of the Commonwealth and the circuit court, was "entered of record," Cunningham v. Smith, 205 Va. 205, 207 (1964).

### III.  Jurisdiction

Jurisdiction has been described as "a word of many, too many, meanings." Smith v. Commonwealth, 281 Va. 464, 467 (2011) (quoting Ghameshlouy v. Commonwealth, 279 Va. 379, 388 (2010)).  "[I]t encompasses a variety of separate and distinct legal concepts[,]" and, as a result, "can engender much confusion[.]" Porter v. Commonwealth, 276 Va. 203, 228 (2008). To resolve both any potential confusion and Riddick's appeal, we must address the difference "between two very different but semantically similar concepts:  subject matter jurisdiction and, for lack of a better expression, active jurisdiction." Cilwa v. Commonwealth, 298 Va. 259, 266 (2019).

### A.  Subject matter jurisdiction

Subject matter jurisdiction "refers to a court's power to adjudicate a class of cases or controversies[.]" Id. (quoting In re Commonwealth, 278 Va. 1, 11 (2009)).  It "is the authority granted through constitution or statute to adjudicate a class of cases or controversies[.]" Morrison v. Bestler, 239 Va. 166, 169 (1990).  Subject matter jurisdiction "can only be acquired by virtue of the Constitution or of some statute.  Neither the consent of the parties, nor waiver, nor acquiescence can confer" subject matter jurisdiction.  Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church, 296 Va. 42, 49 (2018), cert. dismissed, 139 S. Ct. 942 (2019) (quoting Humphreys v. Commonwealth, 186 Va. 765, 772 (1947)).

Absent subject matter jurisdiction, a "court cannot proceed at all in any cause." Id. at 50 (quoting Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869)).  "Once a court determines that

it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" Id. (quoting Ex Parte McCardle, 74 U.S. (7 Wall.) at 514). Any other order issued by a court that lacks subject matter jurisdiction "is null and void[,]" id. (quoting Morrison, 239 Va. at 170), and thus, in essence, is "no order at all," Cilwa, 298 Va. at 266.

Because a court order entered in the absence of subject matter jurisdiction is void from the time of its entry, many of the normal rules regarding challenging orders, such as the contemporaneous objection rule, do not apply. An order entered by a court lacking subject matter jurisdiction "may be 'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.'" Singh v. Mooney, 261 Va. 48, 52 (2001) (quoting Barnes v. Am. Fertilizer Co., 144 Va. 692, 705 (1925)). As a result, a challenge asserting a circuit court lacked subject matter jurisdiction may be raised for the first time on appeal. Pure Presbyterian, 296 Va. at 50.

B. Active jurisdiction

Although subject matter jurisdiction is necessary for a court to adjudicate a cause, it is not sufficient because other jurisdictional elements are also needed to vest a circuit court with "the authority to adjudicate a particular case upon the merits[.]" Id. at 49. Combined with subject matter jurisdiction, the presence of these other jurisdictional elements vests a court with what the Supreme Court has "termed 'active jurisdiction[.]'" Id. (quoting Farant Inv. Corp. v. Francis, 138 Va. 417, 427 (1924)).

"'[A]ctive jurisdiction'—pragmatically called the 'jurisdiction to err'—involves not the power of the court but the proper exercise of its authority[.]" Cilwa, 298 Va. at 266 (footnote omitted) (quoting Farant Inv. Corp., 138 Va. at 427). To have active jurisdiction, a court must possess

subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and the other conditions of fact must exist which are demanded . . . as the prerequisites of the authority of the court to proceed to judgment or decree.

Pure Presbyterian, 296 Va. at 49 (internal quotation marks omitted) (quoting Morrison, 239 Va. at 169).

Because active jurisdiction goes "not [to] the power of the court but the proper exercise of its authority[,]" Cilwa, 298 Va. at 266, the normal rules governing challenges to orders apply. Thus, except for its subject matter jurisdiction element, "[d]efects in active jurisdiction can be waived[.]" Id. at 270. Accordingly, a claim that a court lacks active jurisdiction cannot be raised for the first time on appeal and is subject to the contemporaneous objection rule. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling[.]").

IV. Riddick's jurisdictional challenge

On appeal, Riddick asserts for the first time that the circuit court lacked jurisdiction to try and convict him, specifically arguing that the "court erred by trying" him "when it lacked *subject matter* jurisdiction." (Emphasis added). Because, as noted above, a challenge asserting a circuit court lacked subject matter jurisdiction may be raised for the first time on appeal, Pure Presbyterian, 296 Va. at 50, it does not matter that he failed to raise the argument below.[4] Accordingly, we turn to the merits of Riddick's argument that the circuit court lacked subject matter jurisdiction.

---

[4] Any challenge Riddick may have had based on the circuit court lacking active, as opposed to subject matter, jurisdiction was waived when he failed to raise a contemporaneous objection in the circuit court. See Rule 5A:18; Cilwa, 298 Va. at 270 (holding that "[d]efects in active jurisdiction can be waived").

The subject matter jurisdiction of circuit courts is "entirely prescribed by statute." Kelley v. Stamos, 285 Va. 68, 75 (2013). Code § 17.1-513 is the primary grant of subject matter jurisdiction to the circuit courts. It provides, in part, that circuit courts "shall have appellate jurisdiction of all cases, civil and criminal, in which an appeal, writ of error or supersedeas may, as provided by law, be taken to or allowed by such courts, or the judges thereof, from or to the judgment or proceedings of any inferior tribunal." In turn, Code § 16.1-132 provides that "[a]ny person convicted in a district court of an offense not felonious shall have the right . . . to appeal to the circuit court." Together, these statutes grant circuit courts subject matter jurisdiction over appeals of general district court convictions such as the ones at issue here.

At oral argument in this Court, Riddick acknowledged this statutory reality. When asked which Virginia court had been given statutory authority to adjudicate appeals of general district court convictions in criminal and traffic cases, he responded "the circuit court." He further acknowledged that Code § 17.1-513 granted the circuit court jurisdiction over his appeal of the general district court convictions, a jurisdiction that he himself invoked when he noted his appeal of the general district court convictions to the circuit court.

The statutory grant of jurisdiction to the circuit court to hear appeals of criminal and traffic convictions rendered by the general district court is fatal to Riddick's appeal to this Court. As noted above, subject matter jurisdiction arises from such statutory grants of authority, Pure Presbyterian, 296 Va. at 49; Morrison, 239 Va. at 169, and thus, no amount of argument by Riddick can alter the fact that the circuit court possessed subject matter jurisdiction in this

- 8 -

matter.[5] Waivable procedural errors affecting a court's active jurisdiction do not divest the court of its subject matter jurisdiction. Thus, even assuming the circuit court erred in conducting a bench trial, it could not and did not err in the manner asserted by Riddick, i.e., conducting a proceeding for which it "lacked subject matter jurisdiction."[6]

At oral argument in this Court, Riddick asked us to go beyond the assignment of error as written and consider whether the circuit court erred in conducting a bench trial even if it had subject matter jurisdiction over the case. Citing the exception to the contemporaneous objection rule found

---

[5] Riddick's primary argument in this regard is based on Cave v. Cunningham, 203 Va. 737 (1962). In Cave, the Supreme Court held that the trial "court was without jurisdiction to try the case . . . because of the failure of the record to show that the Commonwealth's attorney concurred in the waiver of trial by jury." Id. at 738-39. Having reached this conclusion, the Supreme Court declared the conviction order in Cave "void[.]" Id. at 739. Riddick reasons that only orders entered without subject matter jurisdiction are "void," and therefore, that the jury trial requirements of Article I, § 8 necessarily go to a circuit court's subject matter jurisdiction. We disagree. Significantly, although it referred to jurisdiction generally, the Supreme Court did not use the phrase "subject matter jurisdiction" in Cave. Thus, Cave does not expressly support Riddick's position, leaving him to ask us, as he put it during oral argument in this Court, to "work backwards" from the Cave Court's declaration that the order was "void" to reach the conclusion that the jury trial requirements go to subject matter jurisdiction. We cannot adopt this reading of Cave or such a view of subject matter jurisdiction because doing so simply cannot be reconciled with the defining qualities and outer boundaries of subject matter jurisdiction recently espoused by the Supreme Court in Pure Presbyterian and Cilwa, which we conclude control here.

[6] Our recent decision in Richardson, 67 Va. App. 436, which was not cited by either party, does not suggest a different conclusion. In Richardson we did conclude that, because the circuit "court's conviction orders do not reflect that [the defendant] consented either to a waiver of his jury trial rights or to a bench trial," the circuit "court did not have jurisdiction to proceed with [the defendant's] bench trial." Id. at 447. Unlike Riddick, Richardson raised the jury trial issue in the trial court, id. at 441, so Richardson was not dependent on a subject matter jurisdiction argument to preserve the issue for appellate review. Furthermore, although the opinion does not expressly state the fact, it is clear that our discussion of jurisdiction in Richardson relates to the circuit court's active jurisdiction as opposed to its subject matter jurisdiction. Specifically, after noting that the term "jurisdiction" has been used to mean many things, "including subject matter jurisdiction . . . territorial jurisdiction . . . notice jurisdiction . . . and the other conditions of fact [that] must exist as the prerequisites of the authority of the court to proceed to judgment or decree[,]" id. at 442 n.2 (internal quotation marks and citations omitted), we stated that "[w]e here use the word 'jurisdiction' in its broadest sense[,]" i.e., active, not subject matter, jurisdiction. Id.

in Rule 5A:18, he asserts we can and should do so to serve the "ends of justice." We cannot recast his assignment of error in this fashion.

Rule 5A:12(c)(1)(i) provides that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court." Thus, we are "limited to reviewing the assignments of error presented by the litigant[,]" Banks v. Commonwealth, 67 Va. App. 273, 289 (2017), and cannot "consider issues touched upon by [Riddick]'s argument but not encompassed by his assignment of error," id. at 290; see also Carroll v. Commonwealth, 54 Va. App. 730, 737 (2009). Furthermore, "unlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice' exceptions" that would permit the rewriting and expansion of Riddick's assignment of error in the manner he requests. Thompson v. Commonwealth, 27 Va. App. 620, 626 (1998). Accordingly, contrary to Riddick's request, we only can review and consider the assignment of error Riddick presented to us, that the circuit court lacked subject matter jurisdiction; we cannot recast the assignment of error to allow Riddick to make a different argument, that the circuit court had subject matter jurisdiction but otherwise erred in conducting the trial in this matter.[7]

CONCLUSION

For the reasons stated above, the circuit court had subject matter jurisdiction pursuant to Code §§ 16.1-132 and 17.1-513 to try Riddick's appeals of his general district court convictions. As a result, the circuit court did not err in the manner asserted by Riddick. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

---

[7] The Commonwealth also urges affirmance on the alternative ground that the record establishes that Riddick voluntarily and intelligently consented to a bench trial. Because we need not address that issue to resolve the appeal, we offer no opinion as to whether the record supports such a conclusion. See Commonwealth v. White, 293 Va. 411, 419 (2017) (recognizing that "judicial restraint dictates that we decide cases on the best and narrowest grounds available" (citation omitted)).