# Richmond

## GARLAND LEE BOAZE v. COMMONWEALTH OF VIRGINIA.

January 16, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and
Eggleston, JJ.

The opinion states the case.

*Hester & Hester,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

HOLT, J., delivered the opinion of the court.

Garland Lee Boaze, who was charged with the commission of a misdemeanor, has been convicted and sentenced. This is the background of his conviction.

On December 19, 1933, he was divorced from his wife. The custody of their two infant children was given to her and he was directed to pay to the mother for their support ten dollars a month from the first of December, 1933, so long as they remained under age and unmarried.

He failed in this and in July, 1934, a rule was issued requiring him to show cause why he should not be punished, etc. For failure to comply with the provision of

said decree he was sent to jail for ten days and served his time. Thereafter he continued in default and on the nineteenth of January, 1935, this warrant was issued:
"State of Virginia,
 "County of Campbell, To-Wit:
 "To any Police Officer or Constable of the said County:
 "Whereas, Hattie Davis Boaze of the said County has this day made complaint and information on oath before me, W. H. Overbey, Trial Justice of the said County, that Garland Lee Boaze in the said County did on the ...... day of .............., 1934, unlawfully fail to provide for and support his two infant children, to-wit: Harold, age 9 and Clarance, age 6.
 "These are therefore, To command you in the name of the Commonwealth, to apprehend and bring before the said Trial Justice, the body of the said Garland Lee Boaze to answer the said complaint and to be further dealt with according to law. And you are also directed to summon ...................., as witnesses.
 "Given under my hand and seal, this 19 day of January, 1935.
 "W. H. Overbey, T. J. (Seal)."

He was convicted by a trial justice and from his sentence appealed to the Circuit Court of Campbell county and was again convicted, its judgment being:
 "It is therefore ordered that said Garland Boaze be and he is hereby sentenced to work on the public roads of the Commonwealth, with the State Convict Road Force, for a term of twelve months; but execution of this sentence is suspended upon condition that said Garland Lee Boaze shall pay to his wife for the support of his infant children by her, the sum of twenty dollars each and every month, beginning with July, 1935, until the amount due and in arrears has been paid, and thereafter, the sum of ten dollars per month for the support and maintenance of said children."
 ■ It is a father's legal and moral duty to support his

dependent infant children. *Bruce* v. *Dean,* 149 Va. 39, 140 S. E. 277.

Code, sec. 1936, as amended by Acts 1922, ch. 485, has in it this provision:

"* * * Any parent who shall desert or wilfully neglect or refuse or fail to provide for the support and maintenance of his or her male child under the age of sixteen years, female child under the age of seventeen years, or child of either sex of whatever age who is crippled or otherwise incapacitated for earning a living (such wife, child or children being then and there in destitute or necessitous circumstances), shall be guilty of a misdemeanor, * * *."

The conviction here does not rest upon desertion but upon failure to support.

It will be observed that the judgment appealed from fixes no time at which these payments are to end, while the statute on which it rests makes provision for the support of male children until they are sixteen years old and for female children until they are seventeen. But its major error comes from the fact that the accused was tried without the intervention of a jury.

Section 8 of the Bill of Rights in the Constitution of 1902 reads:

"That no man shall be deprived of his life, or liberty, except by the law of the land, or the judgment of his peers; nor shall any man be compelled in any criminal proceeding to give evidence against himself, nor be put twice in jeopardy for the same offense, but an appeal may be allowed to the Commonwealth in all prosecutions for the violation of a law relating to the State revenue.

"That in all criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty; provided, however, that in any criminal case, upon a plea of guilty, tendered in

person by the accused, and with the consent of the attorney for the Commonwealth, entered of record, the court shall, and in a prosecution for an offense not punishable by death, or confinement in the penitentiary, upon a plea of not guilty, with the consent of the accused, given in person, and of the attorney for the Commonwealth, both entered of record, the court, in its discretion, may hear and determine the case, without the intervention of a jury; and, that the General Assembly may provide for the trial of offenses not punishable by death, or confinement in the penitentiary, by a justice of the peace, without a jury, preserving in all such cases, the right of the accused to an appeal to and trial by jury in the circuit or corporation court; and may also provide for juries consisting of less than twelve, but not less than five, for the trial of offenses not punishable by death, or confinement in the penitentiary, and may classify such cases, and prescribe the number of jurors for each class."

This section has been amended, see Acts of 1928, p. 638, and now reads:

"That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty. He shall not be deprived of life or liberty, except by the law of the land or the judgment of his peers; nor be compelled in any criminal proceeding to give evidence against himself, nor be put twice in jeopardy for the same offense.

"Laws may be enacted providing for the trial of offenses not felonious by a justice of the peace or other inferior tribunal without a jury, preserving the right of the accused to an appeal to and trial by jury in some court of record having original criminal jurisdiction. Laws may also provide for juries consisting of less than twelve, but not less than five, for the trial of offenses not felonious,

and may classify such cases, and prescribe the number of jurors for each class.

"In criminal cases, the accused may plead guilty; and, if the accused plead not guilty, with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record, he may be tried by a smaller number of jurors, or waive a jury. In case of such waiver, or plea of guilty, the court shall try the case."

It will be observed that there has been some change as to the manner of consent. Originally a plea of guilty had to be "tendered in person by the accused." In that event and with the consent of the attorney for the Commonwealth entered of record, it became the duty of the court to try him without the intervention of a jury. Upon a plea of not guilty "with the consent of the accused, given in person, and of the attorney for the Commonwealth, both entered of record," the court might in its discretion hear and determine the case without the intervention of a jury.

Now the accused may plead guilty, and if he plead not guilty "with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record," the court shall try the case. Nothing is said about the manner in which this consent may be evidenced, but the concurrence of the Commonwealth's attorney and of the court all entered of record is still necessary. In the instant case there is no record of consent by any one.

*Cobb* v. *Commonwealth,* 152 Va. 941, 146 S. E. 270, was tried before the present amendment went into effect.

This order appeared in that record:

"This day came the defendants, and on their joint motion, with the consent of the attorney for the Commonwealth, the whole matter of law and fact was heard and determined by the court."

No consent "was given in person" by the accused. Cobb knew that he had a right to a jury, but upon conference with counsel reached the conclusion that it was best not

to exercise it. This statement from that case describes the situation:

"All of this shows that no mistake was made. It shows that Cobb knew that he had a right to a jury trial and desired to exercise that right. This he stated, not to the court, but to his counsel, and after conference, and after being advised that it was to his best interest to waive a jury, acquiesced in that method of procedure, and no protest was made until after the case had been decided against him. He deliberately took his chance with the judge, and having lost he must abide by the judgment. Men may not play fast and loose with courts."

From authorities there cited we reached the conclusion that the form of waiver is not jurisdictional and sustained a conviction. Now, as we have seen, it is only necessary that the accused "consent," but it is still necessary that this consent be in some manner made manifest. Something more than simple silence must appear. Not only does that consent not appear, but there is nothing to show that the attorney for the Commonwealth consented, and nothing to show the concurrence of the court beyond the fact that it did act. The issue raised is eminently one for the jury. *Burton's Case,* 109 Va. 800, 63 S. E. 464.

For another reason, and to avoid confusion, this proceeding should be dismissed.

In *Wright* v. *Wright,* 164 Va. 245, 178 S. E. 884, is this headnote supported by the text:

"Wife, deserted by husband, must elect between her statutory remedies for compelling him to provide for her support by bringing desertion proceedings or divorce suit, in either of which court may direct husband to make payments to wife and punish him for contempt if he fails to do so (Code 1919, secs. 1936, 1939, as amended; sec. 5107)."

The court there in the course of its opinion said:

"While in a technical sense the provisions of the Code under chapter 80 may be criminal in form, in their practical effect they are compensatory provisions and analogous to section 5107 of the Code, which provides for the main-

tenance of the wife during the pendency of a suit for divorce. Under the provisions of both chapters of the Code, the court may direct payments to be made to the wife at stated periods and may punish as for contempt upon failure so to do."

 The wife brought suit for divorce and secured a decree providing for the support of these infant children. That decree the court had ample power to enter, Code, sec. 5111 (as amended by Acts 1927, Ex. Sess., ch. 85), and to change it to meet changing conditions. It had and has also ample power in contempt proceedings to enforce its order. The judgment in the instant case, so far as it provides for the support of these children, is substantially but an affirmation of what already had been done. This wife has elected to proceed under the decree and should abide by her election.

This case should be dismissed, and it is so ordered.

*Reversed.*