**Norfolk**

CECIL D. McCORMICK, JR.

v.

CITY OF VIRGINIA BEACH

No. 0606-86

Decided December 15, 1987

COUNSEL

Larry B. Slipow (Slipow & Robusto, P.C., on brief), for appellant.

William E. Byman, Assistant City Attorney, on brief, for appellee.

OPINION

**KEENAN, J.** — Cecil D. McCormick, Jr., was convicted in a bench trial of driving under the influence of alcohol (DUI), third offense, and driving on a revoked operator's license. He was sentenced on the DUI conviction to serve six months in jail, fined $1,000, and his driving privileges were revoked for three years. On the revoked license conviction, he received a jail sentence of three months and a $200 fine. The issues presented in this appeal are: (1) whether the trial court erred in denying McCormick a new trial when he alleged he had not waived his right to a jury trial; and (2) whether the trial court erred in denying McCormick a new trial when the *order* of conviction failed to state that he waived his right to a jury trial or that the prosecutor and the trial

court concurred in a jury waiver.[1] We find that the trial court erred in failing to determine whether McCormick waived his right to a jury trial and, therefore, we reverse both convictions.

McCormick was arrested on both charges on October 26, 1985. He was convicted in the general district court and appealed both cases to the trial court. In the trial court, through his counsel, McCormick waived formal arraignment. The trial court records do not indicate that McCormick requested a jury trial. At trial, the court did not ask him whether he waived his right to a jury. Further, the court did not inquire whether the prosecutor agreed to a jury waiver, nor did it state its own concurrence.

McCormick was tried by the court without a jury and convicted of both offenses. He filed a motion to set aside the verdict and requested a new trial on the grounds that: (1) he had not waived his right to a jury trial, and (2) neither the prosecutor nor the trial court had stated their concurrence in a jury waiver. The trial court denied McCormick's motion and changed its final order to reflect that McCormick had not requested a trial by jury, and therefore, was tried by the court without a jury.

McCormick first argues that the trial court erred in failing to inquire whether he waived his right to a jury trial. He asserts that the fourteenth amendment, the Virginia Constitution, and Rule 3A:13(b) were violated when the trial court failed to make this inquiry.

Initially, McCormick argues that under the fourteenth amendment guarantee of trial by jury, no waiver of the right to trial by jury can be effective without the express consent of the accused. He also asserts that pursuant to Article I, Section 8 of the Virginia Constitution, a jury trial is waived only upon the consent of the accused and the concurrence of the prosecutor and the trial court. He argues that under the facts presented here, a waiver was not accomplished. In support of this argument, he contends that the trial court failed to make the specific findings required by Rule 3A:13(b) in order to effect a waiver of trial by jury. We agree.

---

[1] McCormick did not raise in the trial court the second issue presented here. For this reason, we do not consider the sufficiency of the order of conviction as framed in that issue. Rule 5A:18.

█ On the charge of DUI, McCormick faced a maximum jail sentence of one year. On the revoked license charge, the maximum sentence was six months imprisonment. The fourteenth amendment guarantees an accused the right to a trial by jury for all nonpetty offenses. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). "[N]o offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69 (1970). Therefore, we find that on the DUI charge, McCormick's right to trial by jury was guaranteed by the fourteenth amendment. We further find that Article I, Section 8, of the Virginia Constitution guaranteed McCormick a right to a jury in the trial court on both charges. Rule 3A:13(a) also sets forth this right: "The accused is entitled to a trial by jury . . . in [the trial court] on a plea of not guilty."

█ An accused may waive his right to a jury in the trial court. Article I, Section 8, of the Virginia Constitution provides: "If the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury." However, before waiver of a trial by jury can be effective, the accused must give his express and intelligent consent. *Patton v. United States*, 281 U.S. 276, 312 (1930) *rev'd on other grounds, Williams v. Florida*, 399 U.S. 78 (1970). The record before us reveals that McCormick did not give express and intelligent consent to waive his right to a trial by jury. Rule 3A:13(b) sets forth the procedure required to validate the accused's consent and effect a jury waiver in the trial court:

> If an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury. *The court shall determine before trial that the accused's consent was voluntarily and intelligently given*, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record. (emphasis added).

In the case before us, the trial court did not inquire whether McCormick waived his right to a jury trial. In failing to do so, it violated Rule 3A:13(b) which requires the trial court to determine

before trial whether the accused voluntarily and intelligently consents to being tried without a jury.

■ Our finding that the trial court failed to determine whether McCormick waived trial by jury alone necessitates reversal of this case. However, we also review whether the other provisions of Rule 3A:13(b) were met in order to emphasize that this rule places further requirements on the trial court in order to validate a jury waiver. In addition to requiring that the trial court determine whether an accused's consent is voluntarily and intelligently given, Rule 3A:13(b) provides that the trial court must enter of record the accused's consent, as well as the concurrence of the court and the prosecutor. Therefore, once the trial court determines that the accused's consent is voluntarily and intelligently given, it must then ascertain whether the prosecutor concurs in the accused's jury waiver and enter its findings of record. An examination of the record before us reveals that the trial court did not inquire whether the prosecutor concurred in a jury waiver. Where, as here, a trial court fails to enter of record the accused's consent, and the concurrence of the court and the prosecutor, the conviction must be set aside. *Wright v. Commonwealth*, 4 Va. App. 303, 308, 357 S.E.2d 547, 550 (1987).

In summary, therefore, we reverse both of McCormick's convictions and remand this cause for a new trial if the City be so advised.

*Reversed and remanded.*

Koontz, C.J., and Baker, J., concurred.