COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Petty, Russell and Malveaux
Argued at Richmond, Virginia

GREGORY A. RICHARDSON

v.        Record No. 0051-16-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY BENNETT MALVEAUX
MARCH 7, 2017

FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Paul W. Cella, Judge

Joan J. Burroughs (The Law Office of Joan J. Burroughs, PLC, on
brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Gregory Richardson ("appellant") refused to participate in the colloquy during his

arraignment for felony indecent exposure in the Circuit Court of Nottoway County.  The trial court

interpreted his silence as both a waiver of his right to be tried by a jury and an acquiescence to being

tried by the court.  Appellant argues here that the trial court's actions violated his rights under the

Constitution of Virginia.  We agree.

## I.  BACKGROUND

Appellant resides at the Virginia Center for Behavioral Rehabilitation ("VCBR"), to

which he was committed for treatment as a sexually violent predator.  In March 2015, appellant

exposed his genitals to one of VCBR's employees.  Appellant, who had been convicted twice of

exposing himself to another person within a ten-year period, was indicted for felony indecent

exposure in violation of Code §§ 18.2-387 and -67.5:1.

At trial, appellant took issue with the performance of his court-appointed counsel. He alleged that despite numerous letters sent to his attorney, the two had not met to discuss the "logistics" of the case until a couple of days before trial. He said he had "no way of knowing how to make the correct decision and how to pursue this matter" because he felt he had not been properly assisted by counsel. Appellant's trial counsel expressed his belief that he could capably defend his client; however, he conceded that he had failed to subpoena videotape from VCBR showing the circumstances surrounding the indecent exposure. The trial court denied both appellant's request for new counsel and his attorney's request for a continuance to subpoena the video footage.

After the court denied these motions, appellant became noncompliant. Appellant refused to stand for his arraignment, prompting the court to find him in contempt. After bailiffs lifted appellant up, he refused to respond when asked for his plea. The court interpreted his silence as a plea of not guilty.

When appellant continued to refuse to participate in the colloquy, the trial court announced that it would interpret his silence as assent to a number of statements. The last of these statements was the court's assumption that appellant intended to waive his right to trial by jury:

> THE COURT: All right. Then what we are going to do is this. I'm going to read through the questions and assume that unless you speak up you agree with me.
> I'm going to assume that you are Gregory A. Richardson, date of birth January 19th, 1968, and that you are the person charged in the indictment; that you fully understand the charge; that you've discussed it with your lawyer; that you've had enough time to go over any defenses you may have; and that you have all of the witnesses, if any, here today that you need for trial; that you are entirely satisfied with the services of your attorney; that you are pleading not guilty freely and voluntarily; that you are not under the influence of any drugs or alcohol; that you are ready for trial today; that you have discussed the advisability of trial by

judge or trial by jury, and that you've chosen to waive your right to trial by jury.

Neither appellant nor his counsel responded to the trial court's questions.

The trial court, sitting without a jury, heard the case and found appellant guilty. The trial court entered two, identical conviction orders, which recited that neither appellant nor his trial counsel had "demand[ed] trial by jury." Appellant filed a *pro se* motion to vacate and set aside the trial court's finding of guilt. Among other issues, the motion asserted that the trial court improperly conducted a bench trial in violation of Article I, Section 8 of the Constitution of Virginia.

Appellant timely noticed his appeal to this Court. His sole issue on appeal is "The Court failed to properly ascertain a plea of not guilty and want for a trial by judge." This appeal follows.

## II. ANALYSIS

On appeal, appellant contends that he never knowingly and voluntarily waived his right to a jury trial. The Commonwealth does not dispute this assertion; indeed, the Commonwealth concedes that "there is a 'presumption against [a] waiver of fundamental constitutional rights.'"

Instead, the Commonwealth's nuanced position is that while appellant's silence was not a waiver of his right, it *was* a waiver of his opportunity to object to its violation. As the Commonwealth points out, Rule 5A:18 ordinarily permits review of an error only if "an objection was stated with reasonable certainty at the time of the ruling." Because neither appellant nor his counsel stated any objection to the trial judge's decisions during the colloquy, the Commonwealth reasons that appellant is barred from raising the issue on appeal. And even if we reached the merits, the Commonwealth argues, we must afford a trial judge some discretion in dealing with an uncooperative defendant during colloquy.

There are two problems with these arguments. First, contrary to the Commonwealth's assertion, appellant did object to the denial of his jury trial rights by filing a motion to vacate after his trial. We previously have permitted criminal defendants to preserve an objection to the erroneous denial of a jury trial by filing a motion to set aside a verdict. See McCormick v. Virginia Beach, 5 Va. App. 369, 371, 363 S.E.2d 124, 125 (1987) (observing that the defendant "filed a motion to set aside the verdict and requested a new trial on the grounds that: (1) he had not waived his right to a jury trial, and (2) neither the prosecutor nor the trial court had stated their concurrence in a jury waiver"). We see no reason why a motion to vacate cannot be used for the same purpose.[1]

The second and more fundamental problem is that the trial judge's actions did not implicate merely his discretion but also his jurisdiction under the Constitution of Virginia.[2]

---

[1] While it is unclear from the record whether the trial court ruled on appellant's motion, we do not believe that this ambiguity operates as a procedural bar under these circumstances. In McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 740 (1987), the record similarly did "not indicate whether the trial judge ruled on the motion" to set aside the verdict. We nevertheless concluded that "where, as here, the appellant has made specific objections . . . to enable us to attain the ends of justice, we will consider [the issues raised] on appeal." Id. at 321-22, 357 S.E.2d at 740. We also note that while appellant does not concede any procedural bar, he has alternatively invoked the "ends of justice" exception to Rule 5A:18.

[2] As previously has been observed, "'[j]urisdiction' is a word of many, too many, meanings." Ghameshlouy v. Commonwealth, 54 Va. App. 47, 57, 675 S.E.2d 854, 859 (2009) (Haley, J., dissenting) (quoting United States v. Vanness, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)). In Virginia, "[t]he term . . . embraces several concepts including subject matter jurisdiction . . . territorial jurisdiction . . . notice jurisdiction . . . and the other conditions of fact [that] must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008) (quotations omitted) (quoting Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990)).
We here use the word "jurisdiction" in its broadest sense: "the power to adjudicate a case upon the merits and dispose of it as justice may require." In re Vauter, ___ Va. ___, ___, 793 S.E.2d 793, 797 (2016).

A.  Standard of Review

This case requires us to analyze the Constitution of Virginia as well as the scope of the trial court's jurisdiction.  Both issues present questions of law, which we review *de novo*.  See Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005); Holland v. Commonwealth, 62 Va. App. 445, 451, 749 S.E.2d 206, 209 (2013).

B.  Under the Constitution of Virginia, a Circuit Court Cannot Try a
Criminal Defendant without a Jury Unless It Enters the Defendant's Consent in the Record

Virginia long has guaranteed criminal defendants "the right to a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty."  Va. Const. art. I, § 8.  This is the default form of a criminal trial in Virginia's circuit courts; although the accused may waive his right to trial by jury, he has no corresponding right to be tried by a judge.  See O'Dell v. Commonwealth, 234 Va. 672, 689, 364 S.E.2d 491, 501 (1988).

Our Constitution specifies when a court may try the accused's case without a jury:

> If the accused plead not guilty, he may, *with his consent* and the concurrence of the attorney for the Commonwealth and of the court *entered of record*, be tried by a smaller number of jurors, or waive a jury.  In case of such waiver or plea of guilty, the court shall try the case.

Va. Const. art. I, § 8 (emphasis added).[3]

"Compliance with the mandatory provisions of Section 8 of the Constitution is essential to the jurisdiction of the court to try an accused without a jury."  Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).  "In those cases where the jurisdiction of the court depends upon compliance with certain mandatory provisions of law, the court's order, spread

---

[3] While appellate courts and practitioners sometimes refer to the joint appendix or trial transcript as the "record," our Supreme Court explained in Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964), that the record to which our Constitution refers is the "order book," in which a court of record's "proceedings, orders and judgment" must be kept.  For sake of clarity, we will use the word only in this narrow sense here.

upon its order book, must show such compliance or jurisdiction is not obtained." Id.; see also

Cave v. Cunningham, 203 Va. 737, 738-39, 127 S.E.2d 118, 119 (1962) (holding that a trial

court lacked jurisdiction to conduct a bench trial because the Commonwealth attorney's

concurrence in the waiver was not entered of record); Catlett v. Commonwealth, 198 Va. 505,

507-08, 95 S.E.2d 177, 178-79 (1956) (same).

This Court similarly observed in Wright v. Commonwealth, 4 Va. App. 303, 308, 357

S.E.2d 547, 550 (1987), that the trial court's failure to enter the accused's consent and the

required concurrences in the record was an independent basis for setting aside the appellant's

convictions. In that case, the conviction order "merely recite[d] that the 'court proceeded to hear

and determine the case without a jury.'" Id. Because "[n]othing further . . . establishe[d] that

Wright's consent and the concurrence by the Commonwealth's attorney and the court were

entered 'of record' as constitutionally mandated," we concluded it was necessary to set the order

aside. Id.

### C. The Record Does Not Indicate on Its Face that Appellant Expressly Consented to a Bench Trial

As appellant notes on brief, the conviction orders in this case do not recite his express

waiver or consent. The orders state:

> The Court entered a plea of not guilty on behalf of the defendant.
> After being first advised by his counsel and by the Court of his
> right to trial by jury, the defendant, nor his counsel, did not
> demand trial by jury and with the concurrence of the Attorney for
> the Commonwealth and the Court, here entered of record, the
> Court proceeded to try this case without the intervention of a jury
> as provided by law . . . .

These orders make apparent that the trial court deemed appellant's failure to demand a jury trial

as constitutionally sufficient to manifest his consent. The waiver provision in the Constitution of

Virginia, however, does not require a criminal defendant demand a jury trial. Rather, our Bill of

- 6 -

Rights requires some deliberate manifestation of the accused's "express and intelligent consent." Jones v. Commonwealth, 24 Va. App. 636, 639, 484 S.E.2d 618, 620 (1997).

"In construing constitutional provisions, the Court is 'not permitted to speculate on what the framers of [a] section might have meant to say, but are, of necessity, controlled by what they did say.'" Blount v. Clarke, 291 Va. 198, 205, 782 S.E.2d 152, 155 (2016) (quoting Harrison v. Day, 200 Va. 439, 448, 106 S.E.2d 636, 644 (1959)). "It is elementary that unless the context suggests otherwise, words in the Constitution are to be given their usual plain or ordinary meaning." Harrison, 200 Va. at 451, 106 S.E.2d at 646. With that in mind, we examine the use of the words "consent" and "waive" in Article I, Section 8 of the Constitution of Virginia.

The noun "consent" ordinarily means "compliance or approval esp[ecially] of what is done or proposed by another." Webster's Third New International Dictionary 482 (2002). The idea of consent is necessarily both intentional and affirmative, entailing a "capable, deliberate, and voluntary agreement to or concurrence in some act or purpose implying physical and mental power and free action." Id.

The meaning of the verb "waive," by contrast, is more nebulous and does not necessarily reflect an intentional or affirmative act. Particularly in the context of legal rights, the word "waive" often means "to relinquish voluntarily." Id. at 2570. But it can also mean "to neglect to take advantage of." Id.

Our Constitution resolves this ambiguity by making the accused's affirmative consent a necessary condition for the waiver of his right to a jury trial. "If the accused plead not guilty, he may . . . waive a jury" only if "his consent" is "entered of record." Va. Const. art. I, § 8. Moreover, the fact that our Constitution requires the accused's "consent" but only the "concurrence" of the trial court and the Commonwealth's attorney suggests the accused must

initiate the waiver. Thus, it is not enough that the accused neglects to demand a jury trial; his waiver must reflect a deliberate, affirmative act.

Both Article I, Section 8's history and our precedents analyzing its language further reinforce our analysis. Well into the nineteenth century, Virginia courts could not recognize a criminal defendant's express waiver of a jury trial under the common law. See Mays v. Commonwealth, 82 Va. 550, 551 (1886) ("[I]n the absence of [statutory] authority the court has no jurisdiction to try the accused on a plea of not guilty, otherwise than by jury; and consent cannot give jurisdiction."). Beginning in 1902, our Constitution modified this rule, permitting some criminal defendants to waive a jury trial by affirmatively consenting to a bench trial.[4]

Virginia's appellate courts have since interpreted the constitutional waiver provision as requiring an express manifestation of the accused's consent. In Boaze v. Commonwealth, 165 Va. 786, 183 S.E. 263 (1936), our Supreme Court observed that the precise form of the accused's consent was not jurisdictional—it was sufficient, for instance, if the consent took the form of a motion for a bench trial by the defendant. See 165 Va. at 791-92, 183 S.E. at 265 (discussing Cobb v. Commonwealth, 152 Va. 941, 146 S.E. 270 (1929)). But the Court also noted that "it is still necessary that [the accused's] consent be in some manner made manifest. Something more than simple silence must appear." Id. at 792, 183 S.E. at 265. This Court also has observed repeatedly that "[t]o waive trial by jury, the accused must give *express and intelligent* consent, and that consent . . . must be entered of record." Jones, 24 Va. App. at 639, 484 S.E.2d at 620 (emphasis added) (citation omitted); see also McCormick, 5 Va. App. at 372, 363 S.E.2d at 125 ("[B]efore waiver of a trial by jury can be effective, the accused must give his express and intelligent consent.").

---

[4] The waiver provision in Article I, Section 8 of the 1902 Constitution applied only to "offense[s] not punishable by death, or confinement in the penitentiary." It was amended in 1928 to extend to both felonies and misdemeanors. See A.E. Dick Howard, 1 Commentaries on the Constitution of Virginia 145 (1974).

In this case, we cannot reasonably infer from appellant's conviction orders that he expressly and intelligently did anything. At most, they suggest that after he was informed of his right to a jury trial, he failed to make a decision. We cannot infer that appellant affirmatively consented to a bench trial from his mere participation in the proceedings. Cf. Catlett, 198 Va. at 508, 95 S.E.2d at 179 (noting that while "[i]t may be conceded that the Commonwealth's Attorney concurred in the waiver" in fact, "[t]he only question . . . [was] whether such concurrence was 'entered of record'"). And while the transcript indicates that the trial court warned appellant that it would interpret his silence as affirmative consent, that is not similarly reflected in the order book. "A court speaks only through its orders," Smith, 205 Va. at 208, 135 S.E.2d at 773, and our interpretation of these orders is limited to their own language, cf. Robertson v. Superintendent of the Wise Corr. Unit, 248 Va. 232, 235 n.*, 445 S.E.2d 116, 117 n.* (1994) (declining to consider the transcript of the trial court's sentencing proceeding in interpreting a facially unambiguous sentencing order).

We find that the trial court's conviction orders do not reflect that appellant consented either to a waiver of his jury trial rights or to a bench trial, as required by our Constitution. We therefore hold that the trial court did not have jurisdiction to proceed with appellant's bench trial. We recognize that the trial court had the unenviable task of conducting an orderly trial despite appellant's stubbornness. But we also recognize that "[u]nder the scheme mandated by our constitution . . . circuit courts must assume that trial will be by jury unless and until the accused knowingly and intelligently waives that right." Wright, 4 Va. App. at 309, 357 S.E.2d at 551.[5]

_____

[5] The record is silent as to why this case was originally docketed as a bench trial. However, the fact that it was scheduled as such has no bearing on the question of whether appellant waived his right to a jury trial. Even if appellant's counsel's had predicted that he would waive his right to a jury trial, that would not relieve the court of its obligation to find that appellant himself waived that right. "Because waiver of a constitutional guarantee requires express and intelligent consent by the accused, a trial court may not rely on a defense attorney's waiver of an accused's right to a jury trial, by itself, as a *de facto* manifestation of voluntary and

"Where, as here, a trial court fails to enter of record the accused's consent . . . the conviction must be set aside."  <u>McCormick</u>, 5 Va. App. at 373, 363 S.E.2d at 126.

### III.  CONCLUSION

For the foregoing reasons, we reverse appellant's conviction and remand the case for a new trial, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

---

intelligent consent by the accused."  <u>Jones</u>, 24 Va. App. at 641, 484 S.E.2d at 621 (citing <u>Norton v. Commonwealth</u>, 19 Va. App. 97, 99-100, 448 S.E.2d 892, 893 (1994)).  <u>See also</u> Va. Legal Ethics Op. 1823 (2006) (advising that a unilateral action by an attorney waiving his client's right to a trial by jury without consent of the client is outside the scope of the attorney's authority and thus violates Rule 1.2 of the Rules of Professional Conduct).