COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present:    Chief Judge Decker, Judges Beales and Huff
Argued by videoconference


ANTHONY ANDRE'S MACKEY

                                        MEMORANDUM OPINION* BY
v.       Record No. 0043-20-3       CHIEF JUDGE MARLA GRAFF DECKER
                                            JANUARY 26, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Edward K. Stein, Judge

Charles S. Moore (Law Offices of John C. Singleton, on briefs), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellee.


Anthony Andre's Mackey appeals his conviction for using a communications system to

solicit a minor for sexual activity in violation of Code § 18.2-374.3(D).  The appellant failed to

timely file the transcripts or statement of facts necessary to the appeal pursuant to Rule 5A:8.  As

a result, we cannot reach his assignments of error.  Consequently, we affirm the conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

The appellant was charged with using a communications system to solicit sexual activity from a minor whom he had reason to believe was under fifteen years of age while he was at least seven years older. See Code § 18.2-374.3(C). Following the appellant's bench trial, the court convicted him of using a communications system to solicit a minor at least fifteen years old but younger than eighteen for sexual activity in violation of Code § 18.2-374.3(D).

After the conviction, the appellant filed a motion to reconsider. In that motion, he argued that the "crime of using a communications system to knowingly solicit a child between the ages of 15 and 18 is not a lessor [sic] included offense . . . [of] knowingly soliciting a child under the age of 15."

On December 2, 2019, before ruling on the motion, the trial court held the sentencing hearing. The court sentenced the appellant to ten years of incarceration, suspending eight years and six months of that time. It entered the sentencing order on December 5, 2019.

On December 19, 2019, the court held a hearing on the motion to reconsider and denied it.

The appellant noted this appeal challenging the sufficiency of the evidence to support his conviction and the denial of his motion to reconsider. The parties filed briefs addressing these issues. Subsequently, upon direction from this Court, the parties filed additional briefs addressing the timeliness of the transcripts and whether they are indispensable for consideration of the assignments of error.

---

[1] In accordance with familiar principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, as the prevailing party at trial. See Hillman v. Commonwealth, 68 Va. App. 585, 592 (2018).

## II. ANALYSIS

Rule 5A:8(a) requires that for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than [sixty] days after entry of the final judgment." Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

We first address what constituted the final judgment in order to determine when it was entered and the date from which the sixty days is counted. A judgment is final if it "disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." Prizzia v. Prizzia, 45 Va. App. 280, 285 (2005) (quoting James v. James, 263 Va. 474, 481 (2002)). Generally, a sentencing order is considered a final order or final judgment. See, e.g., Jefferson v. Commonwealth, 298 Va. 473, 475-76 (2020).

In this case, the sentencing order, by its terms, did not contemplate any further proceedings and left nothing more to be done. Cf. de Haan v. de Haan, 54 Va. App. 428, 437 (2009) ("Orders retaining 'jurisdiction to reconsider the judgment or to address other matters still pending in the action' lack finality." (quoting Super Fresh Foods Mkts. of Va. v. Ruffin, 263 Va. 555, 561 (2002))). Therefore, the sentencing order constitutes the final judgment. See Richardson v. Commonwealth, 67 Va. App. 436, 446 (2017) ("'A court speaks only through its orders,' and our interpretation of these orders is limited to their own language." (citations omitted) (quoting Cunningham v. Smith, 205 Va. 205, 208 (1964))).

- 3 -

The trial court entered the appellant's sentencing order on December 5, 2019. Accordingly, based on the sixty-day window given by Rule 5A:8, the transcripts were due by February 3, 2020. The court did not enter an order suspending or vacating the sentencing order. Consequently, it remained the final order with no restrictions. See Rule 1:1(b) (defining "final" "judgment, order or decree").

The fact that the trial court conducted a hearing to consider the appellant's post-trial motion to reconsider after entering the sentencing order and ultimately entered an order on January 6, 2020, denying that motion did not extend his deadline for filing the transcripts. As a result, the sixty-day window under Rule 5A:8 began to run on December 5, 2019, and the transcripts were due by February 3, 2020. Neither a transcript nor a statement of facts in lieu of a transcript was filed by that date. Instead, the transcripts were filed eleven days later on February 14, 2020.

Despite the finality of the order on its face, the appellant suggests that because the parties and the trial court planned to address the motion to reconsider after sentencing, the sentencing order left *something* to be done. He concludes that therefore it was not a final judgment. In analyzing this argument, it is useful to consider Rule 1:1(a), which provides that a trial court retains jurisdiction over a case for twenty-one days after final judgment in the case. The Supreme Court of Virginia has made clear that "[n]either the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1." School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556 (1989) (citations omitted). Under Caudill, a post-trial motion for reconsideration does not defeat the finality of the sentencing order if that order does not expressly retain jurisdiction to consider the motion or otherwise indicate that it is not final. See Wells v. Shenandoah Valley

- 4 -

Dep't of Soc. Servs., 56 Va. App. 208, 213 (2010) (holding that the finality of the judgment was not affected by a pending motion to reconsider when the "circuit court did not purport to take any action whatsoever to modify, vacate or suspend" the final order before ruling on the motion).

We recognize, as the appellant points out, that the motion to reconsider remained pending at the time of the entry of the sentencing order. Nonetheless, the appellant asks this Court to look beyond the sentencing order. We do not do so because in this case we are bound by the axioms that a "'court speaks only through its orders'" and this Court's "interpretation of these orders is limited to their own language." See Richardson, 67 Va. App. at 446 (quoting Cunningham, 205 Va. at 208). Accordingly, the appellant's pending post-trial motion for reconsideration did not affect the finality of the sentencing order, which by its very words left nothing else to be decided and was not suspended or vacated.

For these reasons, the sentencing order in this case was the final judgment. Because the transcripts were not filed within sixty days of the final judgment, they are not timely and are not part of the record on appeal.[2]

We turn next to whether a transcript or a statement of facts is indispensable in addressing the assignments of error. See generally Rule 5A:8(b)(4)(ii) (providing that if the record does not "contain[] transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered"); Dixon v. Dixon, 71 Va. App. 709, 716 (2020) (holding that the transcript was indispensable to resolving two assignments of error). The appellant presents the following assignments of error on appeal:

> [I.] That the trial judge erred in denying [the] appellant's motion
> to strike the Commonwealth's evidence, finding [the appellant]
> guilty, and overruling [the] appellant's motion to reconsider when

---

[2] Rule 5A:8(a) allows for an extension of the transcript deadline by this Court when good cause is shown if the appellant files a written motion within ninety days "after the entry of final judgment." See LaCava v. Commonwealth, 283 Va. 465, 468 (2012). However, the appellant did not file such a motion.

the evidence did not support the allegation in the indictment regarding [the] age of the victim.

[II.] That the evidence was not sufficient to support [the] appellant's conviction.

The assignments of error challenge the sufficiency of the Commonwealth's evidence regarding the victim's age and the appellant's knowledge thereof. It is axiomatic that this Court's scope of appellate review is limited to the assignments of error. See Rule 5A:12(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court.").[3] The record properly before us does not contain any evidence regarding the victim's age at the time of the offense. We hold that a timely-filed transcript or a written statement of facts in lieu of a transcript is indispensable to a determination of the appellant's assignments of error. See Smith v. Commonwealth, 32 Va. App. 766, 772 (2000); Turner v. Commonwealth, 2 Va. App. 96, 99-100 (1986).

The appellant failed to ensure that the record contains the material necessary to permit the Court to resolve the assignments of error he presents on appeal. See Rule 5A:8(b)(4)(ii). Therefore, we cannot consider them and affirm the appellant's conviction. See Browning v. Browning, 68 Va. App. 19, 30 (2017) (holding that a Rule 5A:8 error requires affirmance rather than dismissal because it is non-jurisdictional).

---

[3] Assuming without deciding that the assignments of error also include a fatal variance or lesser-included offense challenge, we nonetheless conclude that the transcripts are indispensable to resolution of these issues. Without a timely-filed trial transcript, this Court is unable to determine whether these arguments were preserved for appeal. See Code § 19.2-227 (providing that a conviction cannot be overturned for a non-constitutional error in an indictment if the objection was first made after the verdict was rendered); Rule 5A:18 (requiring a contemporaneous objection); Rowe v. Commonwealth, 277 Va. 495, 501-02 (2009) (holding that the defendant waived his lesser-included offense challenge by inviting the alleged error); Gomez v. Commonwealth, 72 Va. App. 173, 179 (2020) (holding that a fatal variance challenge made after the guilty verdict was too late under Code § 19.2-227).

## III.  CONCLUSION

The appellant's failure to timely file the transcripts precludes us from considering his appeal.  Consequently, we affirm the conviction.[4]

Affirmed.

---

[4] We recognize that the appellant has the right to file a motion in this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.