COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Athey and Fulton
Argued at Lexington, Virginia

UNPUBLISHED

DEBORAH R. MAGID

v.         Record No. 1814-22-3

JOHN J. O'KEEFE, JR.,
 ATTORNEY AT LAW

MEMORANDUM OPINION* BY
JUDGE CLIFFORD L. ATHEY, JR.
DECEMBER 28, 2023

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

M. Paul Valois (James River Legal Associates, on briefs), for
appellant.

Pavlina B. Dirom (Caskie & Frost, A Professional Corporation, on
brief), for appellee.


John O'Keefe ("O'Keefe") represented Deborah Magid ("Magid") in a divorce action.

Magid failed to pay O'Keefe for his work performed in the divorce case, so he then brought a

separate action to recover those fees.  He was then awarded fees and costs in the Circuit Court

for the City of Lynchburg ("circuit court").  Magid assigns error to the circuit court's judgment,

alleging that it lacked subject matter jurisdiction over the claim.  For the following reasons, we

affirm the holding of the circuit court.

I. BACKGROUND

Prior to his attempt to recover fees from Magid, O'Keefe represented Magid in a divorce

proceeding.  On September 27, 2021, O'Keefe filed a warrant in debt action against Magid in the

Lynchburg General District Court ("general district court") seeking to recover $19,413.11 in

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

damages for the unpaid attorney fees. The record neither indicates that Magid was properly served in the warrant in debt action, nor that Magid filed any responsive pleading in the general district court. On January 31, 2022, O'Keefe filed a second claim attempting to recover the same unpaid fees from Magid in the circuit court without withdrawing the pending claim in the general district court. O'Keefe later explained to the circuit court (and reiterates to this Court on appeal) that he filed the second action because the general district court set the matter for trial on May 20, 2022, "almost eight months from the date the Warrant in Debt was originally filed."

The circuit court subsequently held a hearing on March 4, 2022. Proceeding *pro se*, Magid had filed an answer and affirmative defenses in the circuit court on February 18, 2022; however, she failed to attend the March 4, 2022 hearing. At the hearing, the circuit court received evidence from O'Keefe, ruled in his favor, and, on March 7, 2022, entered an order ("March 7 order") awarding him the unpaid attorney fees, plus costs. On March 29, 2022, O'Keefe withdrew the warrant in debt from general district court.

On June 15, 2022, upon retaining counsel, Magid filed in the circuit court a motion to set aside the March 7 order as void for lack of subject matter jurisdiction.[1] Magid asserted that because the same action was pending in general district court when O'Keefe filed his complaint in circuit court, and remained pending when the circuit court entered its final order, the circuit court did not

---

[1] O'Keefe argues that Magid's appeal concerning the October 24, 2022 order denying Magid's request to have the March 7 order set aside was a collateral attack of the March 7 order made after the time to file a motion expired. Although Magid filed her motion more than 21 days after the circuit court's final order, and the circuit court had therefore lost jurisdiction over the matter under Rule 1:1, the Supreme Court of Virginia has held that "[j]udgments that are void . . . may be attacked in any court at any time, directly or collaterally, and thus are not encompassed by Rule 1:1." *Rook v. Rook*, 233 Va. 92, 95 (1987). "Under settled legal principles, a judgment is void ab initio . . . if it 'has been . . . entered by a court that did not have jurisdiction over the subject matter or the parties.'" *Parrish v. Jessee*, 250 Va. 514, 521 (1995) (emphasis removed) (quoting *Rook*, 233 Va. at 95). "A void judgment is in legal effect no judgment. . . . It may be attacked in any proceeding by any person whose rights are affected." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 50 (2018) (quoting *Harris v. Deal*, 189 Va. 675, 687 (1949)).

have subject matter jurisdiction under Code § 17.1-513. The circuit court conducted a hearing on the motion on October 12, 2022, heard oral argument, and ultimately denied Magid's motion to set aside the judgment.

At the hearing, the circuit court concluded that it "had concurrent jurisdiction with the General District Court over the matters raised by Mr. O'Keeffe and that [the circuit court did not] know of any law that would say filing in the General District Court would disabuse this Court of concurrent jurisdiction." In accord with these findings, the circuit court entered a final order on October 24, 2022 ("October 24 order"), denying Magid's motion to set aside the judgment. Magid appealed.

## II. ANALYSIS

### A. *Standard of Review*

A "jurisdictional challenge raises a question of law that 'we review de novo.'" *Riddick v. Commonwealth*, 72 Va. App. 132, 139 (2020) (quoting *Richardson v. Commonwealth*, 67 Va. App. 436, 442 (2017)). "The subject matter jurisdiction of circuit courts is 'entirely prescribed by statute.'" *Id.* at 143 (quoting *Kelley v. Stamos*, 285 Va. 68, 75 (2013)). The jurisdictional challenge therefore also raises an issue of statutory interpretation, which we review de novo. *See Holland v. Commonwealth*, 62 Va. App. 445, 451 (2013).

### B. *The record fails to establish that the general district court had personal jurisdiction over Magid; therefore, the general district court never had jurisdiction over the warrant in debt action.*

Magid contends on appeal that the circuit court lacked subject matter jurisdiction to render a judgment in a cause of action that had previously been filed in the general district court. Magid claims that by filing in general district court O'Keefe "conferred exclusive original subject matter jurisdiction upon that tribunal" and thus that the case was "assigned to some other tribunal" under

- 3 -

Code § 17.1-513.[2] For the following reasons, we decline to consider Magid's novel argument concerning Code § 17.1-513 and instead conclude that the general district court did not have personal jurisdiction over Magid.

"[S]ubject matter jurisdiction . . . is the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Bryant v. Commonwealth*, 70 Va. App. 697, 708-09 (2019) (quoting *Martinez v. Commonwealth*, 296 Va. 387, 388 (2018)). "To state the obvious, circuit courts have subject matter jurisdiction over contract disputes." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 56 (2018). "While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void." *Id.* (quoting *Porter v. Commonwealth*, 276 Va. 203, 228 (2008)). "Unless ousted of jurisdiction by law, circuit courts have jurisdiction over common law contract claims." *Appalachian Power Co. v. John Stewart Walker, Inc.*, 214 Va. 524, 530 (1974). Further, while "subject matter jurisdiction is necessary for a court to adjudicate a cause, it is not sufficient" without other "jurisdictional elements" such as personal jurisdiction. *Riddick*, 72 Va. App. at 142. "[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *McCulley v. Brooks & Co. Gen. Contractors, Inc.*, 295 Va. 583, 589 (2018).

---

[2] Code § 17.1-513 states that circuit courts:

> *shall have original and general jurisdiction of all civil cases*, except cases upon claims to recover personal property or money not of greater value than $100, exclusive of interest, and except such cases as are assigned to some other tribunal; *also in all cases for the recovery of fees in excess of $100*; penalties or cases involving the right to levy and collect toll or taxes or the validity of an ordinance or bylaw of any corporation; and also, of all cases, civil or criminal, in which an appeal may be had to the Court of Appeals.

(Emphasis added).

- 4 -

Based on our review of the record, there is no evidence that the general district court ever acquired personal jurisdiction over Magid. The record shows a signed filing stating that enclosed is an "original and copy of Warrant in Debt," an affidavit, and a payment for the filing fee, attesting that Magid was copied on the correspondence. However, the enclosed warrant in debt is unsigned by the clerk. Likewise, there is no exhibit or transcript in the record showing that Magid provided any responsive filing or made any appearance in the general district court case. "The burden is upon the appellant to provide us with a record which substantiates the claim of error." *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991). Even though O'Keefe's pleadings state that Magid was served the general district court warrant in debt, there is nothing in the record substantiating this claim. Further, while Magid's brief demonstrates that she had knowledge of the general district court filing, there is no evidence showing she actually received service of process of the warrant. *Lifestar Response of Maryland, Inc. v. Vegosen*, 267 Va. 720, 724 (2004) ("Without service of the 'process,' the court acquires no jurisdiction.").

As such, since there is no evidence that Magid was actually served the warrant in debt, we decline to reach Magid's argument disputing the circuit court's jurisdiction. We instead hold that the general district court never acquired jurisdiction over Magid in the warrant in debt action.

III. CONCLUSION

For the foregoing reasons, we affirm the holding of the circuit court.

*Affirmed.*