COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Callins and Frucci
Argued at Salem, Virginia


CHRISTOPHER ISAIH MANNS, S/K/A
 CHRISTOPHER ISAIAH MANNS

                                                          MEMORANDUM OPINION* BY
v.      Record No. 2069-23-3                       JUDGE STEVEN C. FRUCCI
                                                             DECEMBER 10, 2024

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                          James J. Reynolds, Judge[1]

            John S. Koehler (The Law Office of James Steele, PLLC, on brief),
            for appellant.

            Sheri H. Kelly, Assistant Attorney General (Jason S. Miyares,
            Attorney General; Matthew P. Dullaghan, Senior Assistant Attorney
            General, on brief), for appellee.


       Following a bench trial, Christopher Isaiah Manns appeals his convictions of attempted

malicious wounding and using a firearm in the commission of a felony.[2]  Claiming that he did

---

       * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

       [1] Judge James J. Reynolds presided over the bench trial and ruled on the related motion to
vacate.  Judge Timothy W. Allen presided over the August 27, 2021 hearing (at which time
Manns pled not guilty) and ruled on the motion to revoke bond and motion to reinstate bond.

       [2] The sentencing order reflects that Manns was convicted of malicious wounding.  But
Manns was indicted for *attempted* malicious wounding, the court orally pronounced him guilty
of attempted malicious wounding, the conviction order reflects that he was convicted of
attempted malicious wounding, and the court proceeded at sentencing as if he was convicted of
attempted malicious wounding.  We remand to the circuit court to correct the clerical error in the
sentencing order.  *See* Code § 8.01-428(B); *Bagley v. Commonwealth*, 73 Va. App. 1, 30 n.10
(2021).

not waive his right to a jury, he argues that the circuit court should have vacated his convictions.[3] For the following reasons, we affirm the circuit court.

## BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In August 2020, Manns was indicted on charges of breaking and entering a dwelling while armed in violation of Code § 18.2-91, use of a firearm in commission of a felony in violation of Code § 18.2-53.1, attempted malicious wounding in violation of Code §§ 18.2-51 and 18.2-26, and use of a firearm in commission of a felony, second offense, in violation of Code § 18.2-53.1. The case was originally scheduled for a jury trial in October 2020; however, for various reasons, the case was continued four times prior to Manns entering his pleas. The first continuance order set the matter "for a jury trial." The second continuance order set it for a "trial." The third continuance order set it for a trial "without a jury." The fourth continuance order set it for a "bench trial" on August 27, 2021.

Prior to the August 2021 hearing, the Commonwealth filed a motion to revoke Manns's bond on the basis that he had been arrested on new, unrelated charges. At the August 27, 2021

---

[3] Manns was also charged with breaking and entering a dwelling while armed in violation of Code § 18.2-91 and an additional use of a firearm in the commission of a felony in violation of Code § 18.2-53.1 offense; the circuit court convicted him of the lesser-included offense of statutory burglary and dismissed the use of a firearm in commission of a felony charge that went with circuit court case number CR20051279-00. Although Manns's argument applies equally to the statutory burglary conviction, he "does not wish to challenge the court's judgment and sentence for that offense."

hearing, the Commonwealth informed the court that the parties had "reached a plea agreement" but defense counsel "informed [her that] morning . . . that . . . Manns had decided not to accept the plea agreement" and requested to be heard on the previously filed motion to revoke bond. The circuit court asked defense counsel if he was "prepared to go forward," to which he responded that he was not ready to go forward with trial that day. While the circuit court permitted the case to be continued and the motion to revoke bond to be heard, the circuit court first informed Manns about the charges he faced and his right to a jury trial and took Manns's pleas of not guilty to the charges. When asked if Manns had "discussed with [his] attorney the advisability of a trial by a jury or a trial by a judge," Manns responded with: "I would like to do a trial by jury." The circuit court then confirmed that he was requesting a trial by jury with defense counsel, who responded with "[i]t's his decision, [y]our Honor." The Commonwealth then was asked if she was requesting a jury, to which she informed the circuit court that she waived a jury. Following, the circuit court accepted Manns's pleas of not guilty and found his "request for a jury trial" to have been made "freely and voluntarily, with a knowing and understanding of all the rights that [he was] entitled to at [that] point in time." The circuit court then heard arguments regarding Manns's bond, and his bond was revoked. In an order following that hearing, the case was set for a jury trial in December 2021. However, in September 2021, Manns moved to have his bond reinstated as the unrelated charges had been dismissed. The motion was heard on September 21, 2021, and in a following order that reinstated his bond, the case was "set for trial on November 23, 2021." On November 23, 2021, the case was continued for a jury trial in February 2022. In February 2022, the case was continued to May 3, 2022, for a bench trial. The order reflected that Manns had moved for the continuance through defense

counsel. However, Manns's motion does not appear in the record, nor does any motion to withdraw his earlier jury request.[4]

On May 3, 2022, the parties appeared in front of the circuit court for the bench trial. Both sides confirmed they were ready to proceed, and the circuit court stated that it "believe[d] the defendant . . . [had] already been arraigned, entered pleas of not guilty, [and] waived his right to trial by jury." Manns's counsel responded, "We've done that, Your Honor." The circuit court then conducted a bench trial and convicted Manns of attempted malicious wounding, using a firearm in the commission of a felony, and statutory burglary. Manns was present for the pretrial exchange and trial but did not object to the absence of a jury.

Three months after trial, Manns moved to vacate his convictions, asserting that he did not waive his right to a jury trial.[5] The circuit court denied Manns's motion and sentenced him to ten years of imprisonment with nine years suspended for the statutory burglary conviction, three years of imprisonment for the use of a firearm in commission of a felony conviction, and five years of imprisonment with three years suspended for the attempted malicious wounding conviction. Though he concedes that the evidence presented was sufficient to find him guilty, Manns now appeals the attempted malicious wounding and use of a firearm in commission of a felony convictions to this Court, arguing that he did not waive his right to a jury trial.

---

[4] In Manns's later motion to vacate his convictions, however, defense counsel asserted in the written motion that "[t]he week prior to trial, Mr. Manns, by counsel, withdrew [his] request for a jury trial." Then at the hearing on the motion, defense counsel proffered specifically that the week prior to the February court date, he called the Commonwealth and "withdrew [his] request for a jury trial," though "[t]here [is] no order memorializing that."

[5] While making the argument that he did not waive his right to a jury, both in his written motion and at the hearing on his motion to vacate, Manns stated that he withdrew his earlier request for a jury trial through his attorney.

ANALYSIS

"[A] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). This "applies both to assertions of fact and law." *Id.* (citing *Wooten v. Bank of Am., N.A.*, 290 Va. 306, 310 n.1 (2015)). "Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong." *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010) (quoting *Rowe*, 277 Va. at 502).[6]

Over the course of approximately two years, Manns's trial was continued numerous times. While some of the continuance orders set the case for a jury trial, others either set the case for a bench trial or did not specify. While on August 27, 2021, after being informed of his right to a jury trial by the circuit court, Manns stated that he wanted a jury trial, Manns never objected to any of the orders that set the case for a trial without a jury. In fact, to the contrary, Manns, via counsel, asserted numerous times that he "withdrew [his] request for a jury trial." Crucially, on May 3, 2022, Manns not only did not object to the lack of jury presence, but his counsel also explicitly told the circuit court that he had already waived his right to a jury trial.[7] Afterwards, Manns again did not object to the finding on the conviction order that he had "knowingly and voluntarily waived trial by a jury." It was not until three months after trial that Manns decided to change his position and claim that he had never waived his right to a jury.

---

[6] Notably, "there is no 'ends of justice' exception to the approbate and reprobate doctrine." *Nelson*, 71 Va. App. at 405. Manns also does not invoke such an exception.

[7] This Court acknowledges that a defendant's mere participation in proceedings is alone not sufficient to determine if he consented to a bench trial and that his "consent [to a bench trial must] be in some manner made manifest." *Richardson v. Commonwealth*, 67 Va. App. 436, 446 (2017). However, unlike cases where a defendant merely participates in the proceedings, here Manns, via his counsel, directly affirmed his consent to a bench trial to the circuit court and then only changed his position of whether there was a waiver months after his sentencing.

Importantly, at the time of the motion to vacate, Manns did not argue that any waiver the circuit court may have found was involuntary or unknowing nor did he object when the Commonwealth stated, "this is a case where we know that . . . Manns understood his right to a jury trial."[8] Manns merely argued that he simply did not waive his right to a jury. This change in Manns going from affirmatively telling the circuit court that he had waived his right to a jury trial to claiming he never did so was inviting error on his own behalf and is a successive, contradictory position in the course of litigation that is not permissible.[9] As such, this Court is barred from reaching the merits of Manns's argument.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment and remand to correct the clerical error in the sentencing order.

*Affirmed and remanded.*

---

[8] A defendant wanting to challenge the voluntary and intelligent nature of his jury trial waiver must state a timely objection on that basis in the circuit court, so any attempt by Manns to do so now is considered waived. *See* Rule 5A:18; *Commonwealth v. Williams*, 262 Va. 661, 664 (2001).

[9] *See, e.g.*, *Clark v. Commonwealth*, 220 Va. 201, 214 (1979) (stating "[t]he defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position").