**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1738

FEDERAL TRADE COMMISSION,

Plaintiff – Appellee,

and

MARC-PHILIP FERZAN,

Receiver – Appellee,

v.

YU LIN; QUAN LIN; JAMIE TENG; JULIANA TENGONCIANG; ALFONSO KOLB, JR.; JASMIN TENGONCIANG; ROEL PAHL; CLARISSA TENGONCIANG; ALLAN PRIJOLES; MARY JANE PRIJOLES; DARREN CHRISTIAN; CHAN MARTIN; JULIE SANTOS; DAVID HEIMAN; HEARTLAND PROPERTY GROUP, INC.,

Movants – Appellants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Peter J. Messitte, Senior District Judge.  (1:18-cv-03309-PJM)

Argued:  March 8, 2023                                     Decided:  April 18, 2023

Before WILKINSON and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by published opinion.  Senior Judge Motz wrote the opinion, in which Judge Wilkinson and Judge Thacker joined.

**ARGUED:**  Kyle Singhal, HOPWOOD & SINGHAL PLLC, Washington, D.C., for Appellants.  Imad Dean Abyad, FEDERAL TRADE COMMISSION, Washington, D.C., for Appellees.  **ON BRIEF:**  Shon Hopwood, HOPWOOD & SINGHAL PLLC, Washington, D.C., for Appellants.  Anisha S. Dasgupta, General Counsel, Joel Marcus, Deputy General Counsel, FEDERAL TRADE COMMISSION, Washington, D.C., for Appellee Federal Trade Commission.

---

DIANA GRIBBON MOTZ, Senior Circuit Judge:

This appeal marks another installment in a series of disputes involving an enforcement action by the Federal Trade Commission (FTC) against a group of fraudulent real estate developers (the Sanctuary Belize enforcement action). Appellants, a group of 14 individual investors and a family-owned corporation, moved to intervene in an action brought by others and sought relief from the district court's judgment. But Appellants did not do so until *after* the district court had entered final judgment and that judgment had been appealed to this court. *See FTC v. Pukke*, 53 F.4th 80 (4th Cir. 2022) (affirming in part *In re Sanctuary Belize Litig.*, 482 F. Supp. 3d 373 (D. Md. 2020)). Because the Sanctuary Belize enforcement action was already on appeal when Appellants filed their motions, the district court concluded that it lacked jurisdiction to entertain those motions. It held alternatively that the motions should be denied as meritless. We affirm.

I.

The following facts are drawn from the record and unless otherwise noted are uncontested. In mid-2018, Appellants collectively invested $1.95 million in Newport Land Group (NLG). Appellants believed that NLG would use that investment to develop a residential project in Costa Rica. A few months later, the FTC initiated the Sanctuary Belize enforcement action, alleging that Andris Pukke and others had coordinated "a large-scale land sales scam in the Central American country of Belize." *Sanctuary Belize*, 482 F. Supp. 3d at 385. The FTC asserted that this project, known as Sanctuary Belize, was "directed and controlled" by "a web of individuals and corporate entities,"

3

and that one such fraudulent entity was NLG. *Id.* at 386–87. The FTC offered abundant evidence demonstrating that NLG's principals had interlocking relationships with Sanctuary Belize principals, that funds were commingled between NLG and Sanctuary Belize for no apparent legitimate business purpose, that the entities shared a common address and corporate headquarters, and that NLG had direct involvement in the Sanctuary Belize scam.

Also in 2018, the FTC successfully obtained a temporary restraining order and, at the district court's direction, the Sanctuary Belize entities (including NLG) turned over their assets to a court-appointed Receiver. *See id.* at 385, 388. Because NLG was jointly and severally liable for the scheme, the Receiver sought and received approval from the district court to begin using NLG's assets, including Appellants' investment funds, for general receivership purposes. Although Appellants received timely notice of the Receiver's takeover of the NLG assets, they did *not* attempt to intervene in the case at that time.

In early 2020, the district court conducted a nearly three-week bench trial. David Heiman, one of the Appellants now seeking intervention, testified at that trial but neither he nor the other Appellants sought to intervene. NLG, for its part, never appeared in the proceedings. The district court later imposed final judgment on all defendants in two thorough opinions, one issued on August 28, 2020, and the other on January 13, 2021.

In its August 2020 opinion, the court acknowledged that Heiman "challenged the Receiver's seizure of NLG's assets as being assets of the Receivership." Though noting Heiman "face[d] a steep uphill battle" to have his investment returned, the district court

4

explained that it was "willing at least to give him his day in court" and accordingly granted Heiman leave to file a motion requesting the return of his investment. The district court also deferred imposing default judgment against NLG until Heiman had an opportunity to present his argument. The following month, Heiman and other NLG investors sent nearly identical pro se letters to the district court in which they requested that their investments be returned. But neither Heiman nor any of the other NLG investors moved to intervene in the action. On November 9, 2020, Pukke noted an appeal of the district court's judgment to this court. In its January 2021 opinion, the district court rejected the NLG investors' written requests and extended its judgment to NLG.

On November 12, 2021, while Pukke's appeal was pending before us, Appellants finally moved in the district court to intervene in the Sanctuary Belize enforcement action and for relief from judgment. The district court denied Appellants' intervention motion, reasoning that it lacked jurisdiction, that Appellants' motion was untimely, and that they lacked sufficient interest in the litigation to intervene as a matter of right. The court also determined that its denial of the motion to intervene disposed of Appellants' motion for relief from judgment, and so denied the latter motion as a matter of course. Appellants then noted this appeal.

## II.

This case does not present a difficult legal issue. Forty years ago, in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), the Supreme Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." We followed suit in *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), observing that "[g]enerally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." We explained that "[t]his rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Id.*

Moreover, in *Public Citizen* we specifically addressed the relationship between a notice of appeal and a motion to intervene. We concluded that there was "no reason why an intervention motion should be excepted from the general rule depriving the district court of authority to rule on matters once the case is before the court of appeals." *Id.* Thus, we held "that an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion." *Id.*

Appellants offer two arguments in an effort to resist the explicit holdings of *Griggs* and *Public Citizen*. First, they maintain, assertedly relying on *Public Citizen*, that "one party's notice of appeal [does not] divest the district court of jurisdiction to adjudicate claims made by *other parties*." Appellants' Opening Br. at 21. Second, they argue that "one party's appeal of only some issues in a given controversy does not divest the district court of jurisdiction over *other issues*." *Id.* Both arguments fail.

As to the first, Appellants misread *Public Citizen*. In their view, *Public Citizen* held that "when a putative intervenor file[s] a notice of appeal, the district court then lack[s] jurisdiction to entertain an intervention motion *by that same party*." *Id.* Those were the facts of *Public Citizen* (i.e., Public Citizen, along with other consumer groups,

6

noted an appeal after filing a motion to intervene), but Appellants mistake those facts for the holding of the case.

In *Public Citizen*, we addressed the question of "[w]hether a district court retains jurisdiction to rule on a motion to intervene following a notice of appeal," recognizing that it was "a matter of first impression in this Circuit." 749 F.3d at 258. We held that in such scenarios, a district court lacks jurisdiction. *Id.* We placed no emphasis on the fact that Public Citizen itself had filed the notice of appeal. Rather, we focused on the fact that any effective notice of appeal transfers jurisdiction from the district court to the court of appeals. *See id.* Regardless of whether the moving and appealing parties are the same, simultaneous jurisdiction between the two courts would surely result in the "confusion and inefficiency" that the *Public Citizen* holding was designed to prevent. *Id.*

Appellants' argument to the contrary is further undermined by the holdings of courts that have considered cases where the moving and appealing parties differ. *See, e.g.*, *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984). Those courts have concluded, as we hold here, that a district court lacks jurisdiction over a motion to intervene while an appeal is pending, regardless of who noted the appeal. Thus, it matters not that Pukke, rather than Heiman and his co-investors, noted the appeal.

Appellants next argue that the district court retained jurisdiction because Pukke's initial appeal divested the district court of control only over "those aspects of the case involved in the appeal." Appellants' Opening Br. at 21 (quoting *Griggs*, 459 U.S. at 58) (emphasis omitted). Appellants are doubly wrong.

7

First, Appellants suggest that they sought intervention merely to challenge rulings that had not been appealed. *See id.* at 21–22. But Appellants' motion to intervene expressly stated that they wished to intervene to set aside portions of the district court's final judgment. That final judgment, unquestionably, was before us by virtue of Pukke's appeal. Thus, Appellants did indeed seek to challenge an aspect of the case that was then on appeal. Second, even if Appellants had sought to intervene to challenge different issues, "an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion." *Public Citizen*, 749 F.3d at 258. Because a notice of appeal had already been filed by the time Appellants moved to intervene, the district court lacked jurisdiction to entertain Appellants' motion.

As a final matter, we note that this appeal is somewhat unusual in the sense that the FTC, which argues that the district court lacked jurisdiction, joins Appellants in asking us to address the *merits* of the underlying motions. *See* Oral Arg. at 26:16–26:39 (FTC's counsel arguing that if this court fails to address the merits, it will be "leaving everybody . . . open to another motion to intervene . . . only to go back up [on appeal] with exactly the same arguments"); Appellants' Reply Br. at 2 (arguing that "any jurisdictional obstacle is now removed because this Court has decided the *Pukke* appeals").*

---

* At oral argument, the FTC suggested that *Lytle v. Griffith*, 240 F.3d 404 (4th Cir. 2001) and *Fobian v. Storage Tech. Corp.*, 164 F.3d 887 (4th Cir. 1999), allow *this court* to reach the merits even if the district court was without jurisdiction. The relevant portions of *Lytle* and *Fobian*, however, only concern a *district court's* ability to "take (Continued)

While we are sympathetic to this suggestion, we cannot rule on the merits. Because the district court correctly determined it lacked jurisdiction on a matter that had been appealed to our court, we only have jurisdiction to review that decision, not to entertain the underlying merits. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Public Citizen*, 749 F.3d at 259.

### III.

For the foregoing reasons, the district court correctly held it lacked jurisdiction over Appellants' motions, and accordingly its judgment is

*AFFIRMED.*

---

subsequent action on matters that are collateral to," or in aid of, the appeal. *See Public Citizen*, 749 F.3d at 258.

9