COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Friedman, Chaney and Lorish
Argued at Salem, Virginia


ADAM CAMERON MALLORY, ET AL.

                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0650-23-3           JUDGE VERNIDA R. CHANEY
                                   DECEMBER 30, 2024

COMMONWEALTH OF VIRGINIA, ET AL.


FROM THE CIRCUIT COURT OF GRAYSON COUNTY
H. Lee Harrell, Judge

Timothy W. McAfee (The McAffee Law Firm, PLLC, on briefs), for
appellants.

M. Jordan Minot, Assistant Solicitor General (Jason S. Miyares,
Attorney General; Charles H. Slemp, III, Chief Deputy Attorney
General; Maria N. Wittmann, Deputy Attorney General; Megan L.
O'Brien, Assistant Attorney General, on brief), for appellees.


Adam Cameron Mallory, a former employee for Virginia Correctional Enterprises, was

indicted by a grand jury for one count of rape and two counts of sexual battery. Following acquittal

by a jury, Mallory appeals a protective order that the court entered during the discovery phase of

his prosecution. Mallory contends that the trial court erred in denying the motion to vacate a

protective order that limits the review, copying, dissemination, and filing of surveillance footage

from the Virginia Department of Corrections (VDOC) obtained during discovery. Mallory asserts

on appeal that the trial court erred in (1) granting the protective order, denying his post-trial motion

to vacate the protective order, and denying his post-trial motion for injunctive relief[1]; (2) denying

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] For purposes of this opinion, assignments of error 1, 2, and 3 have been combined and
discussed together below.

the motion to intervene by various intervenors; and (3) denying the Mallory's motion for sanctions against the Attorney General. Because we have no jurisdiction over Mallory's first and second arguments, this Court dismisses these portions of his appeal. Seeing no abuse of discretion in the denial of Mallory's motion for sanctions, this Court affirms the trial court's judgment.

BACKGROUND

On April 22, 2022, Mallory was indicted by a grand jury for one count of rape, in violation of Code § 18.2-61(A)(i), and two counts of sexual battery, in violation of Code § 18.2-67.4(A)(i), stemming from events allegedly occurring at the River North Correctional Center (RNCC) owned and operated by the Virginia Department of Corrections (VDOC). After the trial had begun, Mallory served a subpoena duces tecum on the warden of the RNCC requesting the production of various documents, including, inter alia, institutional surveillance footage (ISF). Upon receiving this subpoena, counsel for VDOC moved to quash, arguing that the documents sought under the subpoena were not discoverable pursuant to Rules 3A:11 and 3A:12(b) and arguing that the subpoena was overly broad and unduly burdensome.[2] Counsel for VDOC further filed a notice of hearing in reference to the motion to quash and produced the ISF and other documents under seal with the circuit court while awaiting a hearing. On July 13 and 19, 2023, Mallory issued additional subpoenas duces tecum on the RNCC to produce documents including the ISF. This prompted VDOC to again move to quash. During a hearing on the motions to quash on July 20, 2022, the trial court ruled that the materials were discoverable. Counsel for the Attorney General then explained that their office would request a protective order prohibiting the production and dissemination of the

---

[2] The primary argument by the RNCC was whether VDOC was a party to the case. Mallory asserted that VDOC was not a party, which subjected it to a subpoena duces tecum under Rule 3A:12(b). Conversely, the Commonwealth argued that VDOC, as an agency of the Commonwealth whose employees investigated the allegation, was a party for purposes of Rule 3A:11.

video footage from the RNCC. Pursuant to agreement by counsel and the circuit court during this hearing, the protective order was entered into on August 4, 2022.[3]

The protective order was created specifically to limit the "review, copying, dissemination, and filing of institutional surveillance footage retained during the investigation." It provided, in relevant part:

> 3. Although [Mallory] may view such institutional surveillance footage, [Mallory] may not possess or retain such institutional surveillance footage under any circumstances. [Mallory] shall immediately return to his counsel . . . all copies of any institutional surveillance footage in his possession, including any and all saved or otherwise retained copies in digital or electronic format.
>
> . . . .
>
> 5. The institutional surveillance footage obtained pursuant to this Order shall be used only for purposes of this criminal prosecution and shall not be used for any other purposes unless [Mallory's] counsel obtains written consent of Counsel for VDOC or obtains, after proper notice to Counsel for VDOC and the Commonwealth, an order of the Court.
>
> . . . .
>
> 7. If counsel for the Commonwealth or counsel for [Mallory] seek to submit or otherwise admit copies of this institutional surveillance footage into evidence in this criminal matter, the moving party agrees to request entry of a court order allowing the institutional surveillance footage to be filed under seal. If the Court questions the necessity of or refuses to file a particular institutional surveillance footage under seal, the moving party agrees to contact counsel for VDOC so that VDOC can take appropriate measures to protect its security interests, if so warranted.
>
> . . . .

---

[3] During the hearing on the motions to quash, counsel for VDOC and Mallory, along with the court, debated and agreed to certain provisions for the order. Mallory expressly agreed to many of these provisions and, upon conclusion when the judge asked if anybody had "anything else to say about this agreement," Mallory responded, "No, sir. . . . It's very reasonable. Very reasonable, Judge."

9. Within thirty (30) days of the conclusion of this criminal matter, including any appeals, the Commonwealth and counsel for [Mallory] shall return to counsel for VDOC all copies of the institutional surveillance footage, and will certify compliance in writing to counsel for VDOC. This agreement specifically encompasses any institutional surveillance footage that may have been saved or otherwise retained in digital or electronic format, which should be deleted upon conclusion of this prosecution.

. . . .

11. This Order is without prejudice to [Mallory], the Commonwealth, or VDOC to seek relief from, modification of, or supplementation to this Order or any provisions thereof by written agreement of the Parties or by properly noticed motion to the Court.

12. This Order shall continue to be binding after the conclusion of this Litigation.

At this point, Mallory filed a written objection claiming that his due process rights were denied and arguing that less restrictive means were available to protect VDOC.

During the jury trial in October 2022, Mallory sought to admit into evidence screenshots of the ISF obtained through the discovery process, to which the Commonwealth did not object. These screenshots were admitted as exhibits but were not sealed as required by the protective order. On October 21, 2022, the jury acquitted Mallory on all charges. Upon conclusion of the trial, the parties were required to return all copies of the ISF within thirty days of the jury verdict, pursuant to paragraph 9 of the protective order. One day before this deadline, counsel for VDOC contacted the parties to remind them of the requirement to return all ISF copies in compliance with the protective order. The Commonwealth's attorney complied with the terms, but Mallory refused, intending to retain the ISF for a separate pending grievance hearing.[4]

---

[4] Mallory stated that he did not read the protective order to prohibit the use of exhibits in a separate public trial. The Office of the Attorney General responded stating that the protective order required full compliance so long as there were no pending appeals and, as the grievance hearing was not an appeal, the footage needed to be returned.

Following Mallory's noncompliance with the protective order, on December 2, 2022, VDOC filed a notice of violation of protective order and verified petition for a rule to show cause. This motion asserted that Mallory entered into evidence screenshots of the ISF, which were not admitted under seal, and that Mallory failed to return the ISF to VDOC within thirty days, both of which were required by the order. VDOC moved to hold Mallory in contempt pursuant to Code § 18.2-456. Following this motion, Mallory moved to retrieve all exhibits from the criminal trial or, alternatively, to obtain copies. Mallory asserted that he complied with the protective order by returning all CDs containing surveillance footage in his possession on December 10, 2022, along with a certificate of compliance. Mallory explained that he had retained the ISF only until a hearing officer had ordered VDOC to produce the documents necessary for his grievance hearing.

On December 16, 2022, Mallory moved to vacate the protective order and revoke any requirement that the trial exhibits be sealed. He further sought to obtain digital copies of any defense exhibits that were introduced at trial in order to defend himself in the grievance hearing and to evaluate potential civil litigation. On December 19, 2022, Mallory moved for sanctions against counsel for VDOC, alleging that VDOC counsel wrongfully accused Mallory of violating the protective order in violation of Code § 8.01-271.1. Mallory moved to dismiss the request for a show cause order for being without merit and for $2,000 in attorney fees for defense of the request.

On December 20, 2022, eight Virginia residents moved to intervene on behalf of Virginia residents to challenge the August 4, 2022 protective order, stating that they were aggrieved by denial of their rights to access trial exhibits.[5] The motion alleged that the protective order violated their First Amendment rights to access public records filed as exhibits. VDOC responded on February 21, 2023, asserting that the case law submitted by Mallory did not apply here, that VDOC

---

[5] The intervenors were Freddie Mallory, Kimberly Mallory, Debbie Mallory, Erin Nelson, Tammy Joyce and Max Sheets, James Young, Jr., and Melissa Young.

attempted to protect the ISF well in advance of its use or filing as a trial exhibit, that Mallory did not seek to use the footage outside the trial criminal proceeding until after VDOC sought compliance under the protective order, and that Mallory waived his First Amendment and common law rights when he failed to object to the protective order on those bases. VDOC further asserted that even if Mallory did not waive these objections, the protective order found that the ISF is confidential and classified electronically stored information (ESI), which creates a compelling government interest for a protective order.

On March 16, 2023, the trial court held a hearing with counsel for VDOC, counsel for Mallory, and counsel for the Commonwealth, to address VDOC's motion for a show cause order and Mallory's post-trial motions. The circuit court entered its final order on March 23, 2023, and found that the protective order remains in full effect and continues to be binding on the parties. It denied VDOC's petition for the issues of a show cause order against Mallory, denied all of Mallory's post-trial motions, and dismissed Mallory's motion to obtain trial exhibits as moot.

Mallory and the would-be intervenors now appeal the circuit court's final orders upholding the protective order and denying his post-trial motions.

ANALYSIS

I. Standard of Review

The question of whether an appellate court has jurisdiction to hear a matter presents a question of law that this Court reviews de novo. *Riddick v. Commonwealth*, 72 Va. App. 132, 139 (2020) (quoting *Richardson v. Commonwealth*, 67 Va. App. 436, 442 (2017)). "To the extent that appellant's assignment of error raises a question of statutory interpretation, that question is reviewed de novo on appeal." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). But we give deference to the circuit court's interpretation of its own orders, if reasonable. *See Hodgins v. Commonwealth*, 61 Va. App. 102, 108 (2012); *Roe v. Commonwealth*, 271 Va. 453, 457-58 (2006).

On appellate review, "[t]he evidence is considered in the light most favorable to . . . the prevailing party below." *Jacobs*, 61 Va. App. at 535. "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). A "[circuit] court by definition abuses its discretion when it makes an error of law." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (alteration in original). "We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable." *Roe*, 271 Va. at 458.

## II. Mallory failed to file a timely challenge to the August 4, 2022 protective order, and the trial court had no jurisdiction to consider Mallory's motion to vacate or post-trial motions for injunctive relief.

Mallory contends that the trial court erred in granting the August 4, 2022 protective order, asserting that neither the trial court nor the Attorney General made any specific findings necessary to justify the sealing of trial exhibits. Op. Br. 24. The protective order, inter alia, placed the ISF under seal, prevented Mallory from retaining or possessing the ISF without counsel present or disclosing the contents to any person or entity outside the proceedings, and required Mallory to return the ISF and any and all copies to VDOC within thirty days of the conclusion of this criminal matter. Mallory also contends that the trial court erred in denying his post-trial motion to vacate the protective order sealing all exhibits and his post-trial motion for injunctive relief (the motions). Op. Br. 31-32. For the following reasons, this Court finds that Mallory failed to preserve these issues for appellate review.

Mallory contends that this Court has jurisdiction to review the motions put forth before the trial court related to the protective order but fails to state why. Reply Br. 4. "Every court has supervisory power over its own records and files." *In re Bennett*, 301 Va. 68, 68 (2022) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The trial court retains jurisdiction to enforce its own orders through a show cause or other similar order, and may exercise this authority

on a discretionary basis.  *Id.* at 68-69.  When it comes to altering these orders, once a trial court loses jurisdiction over a case, the appellate court also loses jurisdiction.  *See* Rule 1:1.  Rule 1:1(a) stipulates that a trial court loses jurisdiction twenty-one days after the entry of a final judgment unless specific actions are taken to extend this period.  *Id.* ("All final judgments, orders, and decrees . . . remain under the control of the trial court . . . for twenty-one days after the date of entry, and no longer.").  The purpose of Rule 1:1 is to assure the "certainty and stability" that a final judgment from the lower court brings.  *N. Va. Real Est., Inc. v. Martins*, 283 Va. 86, 104 (2012).

This twenty-one-day period begins upon the "entry of the final order," and may be interrupted only by an order which modifies, suspends, or vacates the final order.  *Minor v. Commonwealth*, 66 Va. App. 728, 739 (2016).  Filing a post-trial or post-judgment motion alone cannot extend the running of the twenty-one-day timeline.  *Id.* (citing *Sch. Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989)).  The Virginia Supreme Court has consistently held that to avoid the application of the twenty-one-day period, the final order must include "'*specific* language stating that the court is retaining jurisdiction' over the case."  *Monroe v. Monroe*, 302 Va. 387, 398 (2023) (quoting *Johnson v. Woodard*, 281 Va. 403, 409 (2011)).

The trial court entered the protective order on August 4, 2022.  The final order of acquittal on all charges was subsequently entered on October 27, 2022.  These orders became final under Rule 1:1 on November 17, 2022, twenty-one days after the final order of acquittal.  Mallory filed his motion to vacate the protective order on December 16, 2022, nearly one month after the twenty-one-day period expired.  The record does not contain a corresponding order vacating the protective order or final acquittal order within the twenty-one days as allowed under the rule.  Therefore, the case became final on November 17, 2022, and the trial court no longer had jurisdiction to consider Mallory's post-trial motions.

Following the petition to show cause on December 2, 2022, Mallory moved to vacate the protective order and moved for injunctive relief. The trial court then issued an order denying both motions on March 23, 2023, which Mallory timely appealed. While the trial court retains the ability to enforce its own orders through a show cause order beyond twenty-one days after a final judgment, the court does not have jurisdiction to review a motion to vacate the underlying order as part of that proceeding. *See In re Bennett*, 301 Va. at 68 (noting that parties cannot intervene to vacate a protective order that has reached finality, but holding that the court has "continu[ing] authority to enforce its order sealing those documents" (quoting *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013)). The filing of a post-trial motion does not extend the twenty-one-day period such that Mallory would retain jurisdiction to move to alter or vacate the protective order.

Therefore, the protective order remains intact and enforceable. This Court lacks jurisdiction to consider the assignments of error relating to Mallory's post-trial motions on appeal.

### III. The trial court did not have jurisdiction over the motion to intervene.

Mallory argues that the trial court erred in denying the motion to intervene, which addresses the alleged violations in sealing court records. Mallory, on behalf of the intervenors, argues that their constitutional rights have been denied by the August 4, 2022 protective order for which they have suffered a legal injury. Op. Brief. 32. The final order for Mallory's acquittal was filed on October 27, 2022, while the motion to intervene was filed on December 20, 2022.

The jurisdiction of a trial court to rule on a motion to intervene is contingent upon the intervenor asserting an interest that is part of the subject matter of the litigation. *See Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991); *Turner Ashby Camp No. 1567 v. Cnty. of Clarke*, No. 0683-22-4, slip op. at 5, 2023 Va. App. LEXIS 271, at *6 (May 2, 2023) ("[F]or a stranger to become a party by intervention, he must '*assert some right involved in the suit*.'" (alteration in

original) (quoting *Eads v. Clark*, 272 Va. 192, 196 (2006))).[6] This interest must be timely raised while the trial court retains jurisdiction to hear the motion. A lower court loses jurisdiction upon the filing of a notice of appeal. *See FTC v. Yu Lin*, 66 F.4th 164, 167 (4th Cir. 2023) ("[A]n effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion." (quoting *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014))). The lower court retains jurisdiction unless a party files an appeal. Rule 1:1(a). Notwithstanding an appeal, Virginia law will apply the twenty-one-day timeline operation upon entry of the final order. *Id.* ("All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.").

As stated above, the final order of acquittal on all charges was subsequently entered on October 27, 2022, which became final twenty-one days later on November 17, 2022, under Rule 1:1. The motion to intervene was filed on December 20, 2022, well after the twenty-one-day deadline had expired. Therefore, the trial court had no jurisdiction to review the motion, so this Court cannot review it on appeal. Mallory relies on *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 456 (2013), which vacated an order by the trial court sealing certain exhibits introduced during a criminal trial following a motion to intervene. However, an important distinction remains that the motion to intervene in *Daily Press* was filed prior to the sentencing, which allowed the trial court to retain jurisdiction over the motion to intervene. *Daily Press, Inc. v. Commonwealth*, 60 Va. App. 213, 216 (2012) (noting that appellants moved to intervene on April 12, 2011, following the order to seal the entire court file on March 28, 2011, both of which occurred before the sentencing on July

---

[6] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 572 n.7 (2018) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)); *see also* Rule 5A:1(f).

21, 2011).[7] Therefore, neither this Court nor the trial court has jurisdiction to hear the motion to intervene, as the twenty-one-day period under Rule 1:1(a) has lapsed.

IV. The trial court did not err in denying the motion for sanctions in the March 23, 2023 order.

Following an affidavit filed by Megan O'Brien, counsel for VDOC, that alleged Mallory failed to adhere to the protective order by returning the ISF and all copies to VDOC, Mallory filed a motion for sanctions. This motion for sanctions asserted that O'Brien made false statements concerning Mallory's adherence to the protective order, which Mallory alleged was in violation of Code § 8.01-271.1. The trial court considered this motion, as well as VDOC's response in opposition, and denied Mallory's motion for sanctions on March 23, 2023. Mallory now contends that the trial court erred in denying these sanctions, alleging that Mallory had no requirement to return the ISF to VDOC per the August 4, 2022 protective order. Op. Br. 33.

The motion for sanctions was filed on December 16, 2022, in response to an affidavit by counsel for VDOC filed December 2, 2022. Thus, the court had jurisdiction to review the motion for sanctions under Rule 1:1(a).

"In reviewing a trial court's decision to impose a sanction pursuant to . . . Code § 8.01-271.1, we apply an abuse of discretion standard." *Shebelskie v. Brown*, 287 Va. 18, 26 (2014). This Court may find an abuse of discretion when the circuit court makes an error of law. *Koon v. United States*, 518 U.S. 81, 100 (1996) ("The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."). This standard is extremely deferential to the lower court; a court's ruling on sanctions will not be reversed on appeal unless the lower court abused its discretion in deciding whether to sanction a litigant. *Jacobs*, 61 Va. App. at 535 ("[T]he trial court's 'findings of fact and judgment will not be reversed unless there

---

[7] *But see Hertz v. Times-World Corp.*, 259 Va. 599, 607 (2000) (noting that closure decisions may be challenged by filing a writ of mandamus).

- 11 -

is a clear showing of abuse of discretion.'" (quoting *Davis*, 12 Va. App. at 86)); *see, e.g.*, *Switzer v. Switzer*, 273 Va. 326, 334 (2007) (finding that the court did abuse its discretion in dismissing the appeal).

In connection with the rulings on Mallory's post-trial motions, the trial court based its refusal to impose sanctions on its determination that counsel for VDOC did not allege that Mallory himself failed to comply with the protective order. The allegation here is that counsel for Mallory failed to comply when he did not return the ISF within thirty days of the final order. This allegation was not made in error by counsel for VDOC, nor did counsel's affidavit include false statements or statements made not in good faith. Because the affidavit was made in good faith, and there appears to be no basis for which the court could impose sanctions, the trial court did not abuse its discretion in refusing to impose sanctions against O'Brien.

CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Dismissed in part, and affirmed in part.*